# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BRUCE G. HOWELL, on behalf of Himself )
and a Class of Persons Similarly Situated, )
                                          )
             Plaintiff, )
                                          )    Case No. 03 C 5044
      v.                               )    Judge Rebecca R. Pallmeyer
                                          )
MOTOROLA, INC., et al., )
                                          )
             Defendants. )

## DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 56.1(a)(3), the following defendants hereby respectfully submit their statement of material facts as to which there is no genuine issue in support of their motion for summary judgment[1]: Motorola, Inc. (hereinafter "Motorola"), Profit Sharing Committee of Motorola, Inc., David Devonshire, Rick Dorazil, Christopher B. Galvin, Robert L. Growney, H. Laurance Fuller, Anne P. Jones, Donald R. Jones, Judy C. Lewent, Walter E. Massey, Nicholas Negroponte, John E. Pepper, Jr., Samuel C. Scott III, Gary L. Tooker, B. Kenneth West, John A. White and Carl F. Koenemann.[2]

---

[1]      Plaintiff's allegations and testimony are assumed to be true solely for purposes of Defendants' Motion for Summary Judgment. Defendants explicitly reserve their right to contest plaintiff's veracity at trial or in future pleadings.

[2]      These are all defendants except Ronnie C. Chan.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to ERISA §502(e)(1), 29 U.S.C. § 1132(a)(1) because Plaintiff alleges violations of 29 § 1132(a)(2) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA") (SAC ¶¶ 5-6).[3]

2. Venue is proper in this district pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(c)(2) because a substantial portion of the events alleged in Plaintiff's Second Amended ERISA Complaint (hereinafter "SAC") occurred within this judicial district  (SAC ¶7).

## II. THE PARTIES

3. The SAC alleges that Plaintiff Bruce G.  Howell is a resident of the State of Minnesota (SAC ¶8).

4. Plaintiff began working for Motorola in January 1996 as an information systems engineer (Pl. Dep. 15:24 – 16:1, 17:1-6).

5. Plaintiff's employment with Motorola ended in August 2001 when he was laid off (Pl. Dep. 20:3-5, 25:22 – 26:7).

6. Plaintiff has received multiple degrees.  He earned an associate's degree in electronic technology, a bachelor's degree in electrical engineering, a master's degree in electronic and computer technology, and a master's degree in decision information systems (Pl. Dep. 7:3-11:4).

7. The SAC alleges that Defendant Motorola is a Delaware corporation with its principal place of business in Schaumburg, Illinois (SAC ¶9).

---

[3]    Plaintiff's deposition transcript and exhibits are attached at Tab A.  Citations to Plaintiff's deposition shall appear as "Pl. Dep. ____."  Citations to exhibits from Plaintiff's deposition shall appear as "Pl. Dep. Ex. ____."  Citations to Plaintiff's Second Amended ERISA Complaint shall appear as "SAC ¶ ___."

CH2 20170585.4

8.     The SAC alleges that during Plaintiff's proposed class period of May 16, 2000 to the present, Motorola was the sponsor of the Motorola, Inc. 401(k) Profit-Sharing Plan (hereinafter the "Plan.") (SAC, Introductory Paragraph).

9.     The SAC alleges that the Plan is an employee benefit plan within the meaning of ERISA (SAC ¶33). The SAC alleges that the Plan is a "defined contribution" or "individual account" plan (SAC ¶34).

10.     The SAC alleges that Defendant Profit Sharing Committee of Motorola, Inc. (hereinafter, the "Committee") is identified as the Plan Administrator of the Plan in the July 2000 Summary Plan Description (SAC ¶13).

11.     The SAC alleges that the individual named defendants are current and/or former officers, directors, and/or members of the Committee (SAC ¶¶ 11-20).

## III.     PLAINTIFF SIGNED A RELEASE WAIVING HIS RIGHT TO BRING THESE CLAIMS

12.     Plaintiff's employment with Motorola ended on August 21, 2001 when he was laid off (Pl. Dep. 20:3-5, 25:22 – 26:7, 31:3-8).

13.     Plaintiff was laid off during one of a series of several waves of layoffs (Pl. Dep. 25:22-26:13).

14.     Plaintiff received a severance payment pursuant to a severance program when he was laid off from Motorola (Pl. Dep. 26:24-27:12).

15.     Also pursuant to this severance program, Plaintiff signed a severance agreement and General Release, in exchange for additional money, money that he would not have received if he had declined to sign the General Release (Pl. Dep. 27:9-27:20, 32:20-34:10).

16.     Plaintiff received the severance agreement and General Release on August 21, 2001 (Pl. Dep. 31:3-11). Plaintiff was given a packet of material including the General Release and met with two representatives of Motorola before signing the Release (Pl. Dep. 26:8-32:4).

17.     When Plaintiff was handed the severance agreement and General Release, he was encouraged by the Motorola representatives not to sign it immediately, but rather to take time to review the agreement and make sure that he understood it (Pl. Dep. 31:12-31:22).

18.     Plaintiff took time to make sure he understood the agreement before he signed it (Pl. Dep. 31:20-33:8).

19.     Although the severance agreement and General Release advised Plaintiff to consult with an attorney before signing it, Plaintiff did not consult with an attorney because he felt he understood the agreement without having to go to an attorney (Pl. Dep. 33:12-20).

20.     The General Release was signed by Plaintiff on September 17, 2001 (Pl. Dep. 33:7-8; Pl. Dep. Ex. 2).

21.     At the time Plaintiff signed the General Release, he had been employed for nearly 20 years in several safety and engineering positions both during and after obtaining his various degrees (Pl. Dep. 12:4-20:5).

22.     The General Release, signed by Plaintiff on September 17, 2001, states, in relevant part:

> I hereby unconditionally and irrevocably release, waive and forever discharge Motorola, Inc. and its affiliates, parents, successors, subsidiaries, directors, officers, and employees, from ANY and ALL causes of action, claims and damages, including attorneys fees, whether known or unknown, foreseen or unforeseen, presently asserted or otherwise, which have or could have arisen to date out of my employment or separation from employment. This General Release ("Release") includes, but is not limited to, any claim or entitlement to pay, benefits or damages arising under any federal law (including but not limited to ... the Employee Retirement Income Security Act ... .

(Pl. Dep. Ex. 2) (emphasis in original).

4

Respectfully submitted,

ALL DEFENDANTS EXCEPT
RONNIE CHAN

By:_____
One of Their Attorneys

Michael A. Warner
Timothy F. Haley
Brian W. Barrett
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, IL 60603-5803
Telephone: (312) 346-8000
Facsimile: (312) 269-8869

Stephen M. Sacks
John C. Massaro
Emily M. Pasquinelli
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 2004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Dated: December 3, 2004

5

SEE CASE
FILE FOR
EXHIBITS