UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

———————————————X
BRUCE G. HOWELL, on Behalf of Himself :
and a Class of Persons Similarly Situated, :
: 03 C 5044
Plaintiff, :
v. : Judge Rebecca R. Pallmeyer
:
MOTOROLA, INC., et al., :
:
Defendants. :
———————————————X

**DOCKETED**
DEC 2 2 2004

**FILED**
DEC 1 6 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF PLAINTIFF'S MOTION
### FOR AN ORDER ADDING, AS AN ADDITIONAL PLAINTIFF
### AND PROPOSED CLASS REPRESENTATIVE, JOHN W. ENDSLEY

To:  Michael A. Warner, Esq.           Stephen M. Sacks, Esq.
     Timothy F. Haley, Esq.            John C. Massaro, Esq.
     Brian W. Barrett, Esq.            Emily M. Pasquinelli, Esq.
     SEYFARTH SHAW LLP                 ARNOLD & PORTER, LLP
     55 E. Monroe Street, Suite 4200   555 Twelfth Street, N.W.
     Chicago, IL 60603-5803            Washington, D.C. 20004
     Telephone: (312) 346-8000         Telephone: (202) 942-5000
     Facsimile: (312) 269-8869         Facsimile: (202) 942-5999

PLEASE TAKE NOTICE that on Wednesday, December 22, 2004, at 9:30 a.m., the undersigned will appear before the Honorable Rebecca R. Pallmeyer, in the Courtroom usually occupied by her in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any judge sitting in her place, and will then and there present PLAINTIFF'S MOTION FOR AN ORDER ADDING, AS AN ADDITIONAL PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE, JOHN W. ENDSLEY, a copy of which is attached and served upon you herewith.

76

DATED: December 15, 2004

STULL, STULL & BRODY

*[signature]*

Edwin J. Mills
6 East 45th Street
New York, New York 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

Robert D. Allison
ROBERT D. ALLISON & ASSOCIATES
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-7600
Facsimile: (312) 427-1850

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

————————————————X
BRUCE G. HOWELL, on Behalf of Himself :
and a Class of Persons Similarly Situated, :
: 03 C 5044
Plaintiff, :
v. : Judge Rebecca R. Pallmeyer
:
MOTOROLA, INC., et al., :
:
Defendants. :
————————————————X

DOCKETED
DEC 2 2 2004

FILED
DEC 1 6 2004
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S MOTION FOR AN ORDER ADDING, AS AN ADDITIONAL PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE, JOHN W. ENDSLEY

Plaintiff Bruce G. Howell, by his undersigned counsel, hereby moves the Court, pursuant to Federal Rules of Civil Procedure 20(a), 21 and 23(d), for an order adding, as an additional plaintiff and proposed class representative, John W. Endsley. In support of this Motion, Plaintiff states as follows:

1. This is a proposed class action case alleging that defendant Motorola, Inc. and others violated ERISA and thereby caused loss to The Motorola, Inc. 401(k) Profit Sharing Plan (the "Plan") and a proposed class consisting of all participants in the Plan for whose individual accounts the Plan held shares of common stock of Motorola at any time from May 16, 2000 to the present.

2. Currently, the sole Plaintiff and proposed class representative in this case is Bruce G. Howell of Duluth, Minnesota. Plaintiff Howell has filed a motion for class certification, defendants have deposed and taken other discovery of Plaintiff Howell, and defendants have submitted a memorandum in opposition to Plaintiff Howell's motion for class certification.

Plaintiff's reply brief in support of the motion for class certification is to be filed by January 14, 2005.

3. Defendants have opposed Plaintiff Howell's motion for class certification on one ground: that Plaintiff Howell signed a release form when he was laid off from Motorola in 2001. *See, e.g.,* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification dated December 3, 2004 at pp. 2-3, 6 ("As a result of his execution of this release, Plaintiff [Howell] is not an adequate representative of his proposed class, and his claims are not typical of the claims of other typical class members. . . . [Neither] Plaintiff [Howell], nor any other prospective class member who signed a release, can satisfy the typicality or adequacy of representation elements of Rule 23(a).").

4. Defendants have also moved for summary judgment on the sole basis of the release which Plaintiff Howell signed when he was laid off from Motorola, asking the Court to "enter an order awarding summary judgment to Defendants on all of Plaintiff's claims." Defendants' Motion for Summary Judgment dated December 3, 2004 at p. 2. *See also Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment* at p. 3 ("Defendants are entitled to summary judgment on each of Plaintiff's claims because Plaintiff, for good and valuable consideration, executed a release expressly and specifically waiving his ERISA claims.").

5. In his papers to be filed on January 14, 2005 opposing defendants' motion for summary judgment, and in his reply brief to be filed in further support of his motion for class certification, Plaintiff Howell will demonstrate, among other things, that the release he executed when he was laid off from Motorola is unenforceable under ERISA § 410(a), 29 U.S.C. § 1110(a) ("[A]ny provision in an agreement or instrument which purports to relieve a fiduciary

from responsibility or liability for any responsibility, obligation or duty under this part [Part 4 – Fiduciary Responsibility] shall be void as against public policy"). *See IT Corp. v. General Am. Life Ins. Co.*, 107 F.3d 1415, 1418 (9th Cir. 1997) ("a contract exonerating an ERISA fiduciary from fiduciary responsibilities is void as a matter of law"); *Laniok v. Advisory Committee of the Brainerd Mfg. Co. Pension*, 935 F.2d 1360, 1366 (2d Cir. 1991) (holding that plan participation may be waiveable, but stating that pension plan standards mandated by ERISA are not waiveable). Because the release which Plaintiff Howell is "void as against public policy" under ERISA § 410(a) and unenforceable as a matter of law, Plaintiff Howell will demonstrate in his Rule 56 opposition papers that defendants are not entitled to summary judgment dismissing his claims. Further, because the release is unenforceable as a matter of law, no serious issue can be raised with respect to typicality of Plaintiff Howell's claims in this case. Indeed, Plaintiff Howell is well situated to represent both class members who signed releases and those who didn't, and he has a particular and important incentive to litigate the issue of the unenforceability of the release which he signed for the benefit of those class members who also signed releases when they left Motorola's employ.

6. Although Plaintiff Howell is confident that his claims will survive summary judgment and that the Court will ultimately find him to be an adequate class representative, adding, as an additional plaintiff and proposed class representative, a class member who did not sign a release upon leaving the employment of Motorola would nonetheless further the goal embodied in Federal Rule of Civil Procedure 1, "the just, speedy and inexpensive determination of every action." First, adding a plaintiff and proposed class representative who did not sign a release would prevent dismissal of the action, and thereby protect the rights of class members who did not sign releases, should the Court disagree with the position of Plaintiff Howell as to

3

the unenforceability of the release he signed. Second, adding a "non-signer" plaintiff will improve the representation of the class, which includes both Plan participants who signed releases and those who did not.

7. John W. Endsley, a resident of Albion, Illinois, is a member of the proposed class in this case who did not sign a release upon leaving the employ of Motorola and thus would be well situated to represent all members of the class, both signers and non-signers. Mr. Endsley was a participant in Motorola's Plan from approximately June of 1996 until approximately February 21, when his employment by Motorola ceased, and he held shares of Motorola stock in his individual account under the Plan during the proposed Class Period. Mr. Endsley is thus qualified to serve as an additional class representative in this case.

8. Several provisions of the Federal Rules of Civil Procedure authorize the addition of an additional party plaintiff and class representative, the relief requested by this Motion.

9. Rule 20(a) provides in relevant part:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

10. Rule 20(a) could have been written for the present Motion. Here, Motorola seized upon the release signed by the one plaintiff in this case, Bruce G. Howell, as supposed grounds for both a motion for summary judgment and as a basis to oppose class certification. Adding an additional plaintiff who did not sign a release will protect the interests of all class members by ensuring that the case continues no matter how the Court may rule on the issue of the enforceability of the release signed by Plaintiff Howell. As a former Motorola employee who had Motorola stock in his individual account under the 401(k) Plan during the Class period proposed plaintiff Endsley also asserts a right to relief arising out of the same occurrences as

4

formed the basis of Plaintiff Howell's claims and involve questions of law and fact common to Plaintiff Howell's claims. Accordingly, the conditions of Rule 20(a) for permissive joinder are satisfied and the Motion should be granted under that Rule.

11. Rule 21 further provides in relevant part that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Rule 21 thus authorizes the Court to grant the relief requested by the Motion and add John W. Endsley as an additional plaintiff and proposed class representative for optimum representation of the Class.

12. Also applicable to the present Motion is Federal Rule of Civil Procedure 23. Rule 23(a)(4) requires, as a condition to a grant of class certification, that "the representative parties will fairly and adequately protect the interests of the class." While Plaintiff Bruce G. Howell can reasonably expected to continue to fairly and adequately protect the Class in this case (as will be more fully explained in his reply brief in support of class certification), the protection of the ERISA class in this case will be further assured if the additional plaintiff and proposed class representative is added to this case.

13. Rule 23(d)(5) also provides the Court with authority to add additional proposed representatives. The Advisory Committee Notes to the 1996 Amendments to Rule 23 explain that Rule 23(d) "is concerned with the fair and efficient conduct of the action and lists some types of orders which may be appropriate." While an order adding additional class representatives is not specifically referenced in Rule 23(d), the Advisory Committee Notes make clear that the court is authorized in class actions to consider "the possibility of conditioning the maintenance of a class action . . . on the strengthening of the representation. . . ." Rule 23(d) thus provides further and additional support and authority for the relief requested by the Motion.

5

WHEREFORE, an order should be entered adding John W. Endsley as a plaintiff and a proposed class representative in this case.

DATED: December 15, 2004

STULL, STULL & BRODY

_____
Edwin J. Mills
6 East 45th Street
New York, New York 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

Robert D. Allison
ROBERT D. ALLISON & ASSOCIATES
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Tel: (312) 427-7600
Fax: (312) 427-1850

*Attorneys for Plaintiff*

## Certificate of Service

I, Robert D. Allison, one of the attorneys for the plaintiff, certify that I caused a true copy of the foregoing Notice of Motion and Plaintiff's Motion For An Order Adding, As An Additional Plaintiff And Proposed Class Representative, John W. Endsley, to be served on counsel for defendants on the attached Service List by fax and first-class mail, proper postage prepaid, this 15th day of December, 2004.

_____
Robert D. Allison

## SERVICE LIST
## DATED 12/15/04

*Bruce G. Howell v. Motorola, Inc.*
**Case No. 03 C 5044**

Stephen M. Sacks
John C. Massaro
Emily M. Pasquinelli
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004
Fax: 202-942-5999

Michael A. Warner
Timothy F. Haley
Brian W. Barrett
SEYFARTH SHAW LLP
55 East Monroe Street
Suite 4300
Chicago, Illinois 60603
Fax: 312-269-8869