**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

```
_____X
BRUCE G. HOWELL, on Behalf of Himself   :
and a Class of Persons Similarly Situated,  :
                                        :    No. 03 C 5044
                    Plaintiff,          :
         v.                             :    Judge Rebecca R. Pallmeyer
                                        :
MOTOROLA, INC., ET AL.,                 :
                                        :
                    Defendants.         :
_____X
```

**MOTION OF STEPHEN G. LINGIS, DONALD L. SMITH AND PETER D. WHITE
TO INTERVENE AS PLAINTIFFS AND AS ADDITIONAL PROPOSED CLASS
REPRESENTATIVES AND FOR LEAVE TO FILE COMPLAINT IN INTERVENTION**

Stephen G. Lingis, Donald L. Smith and Peter D. White (hereinafter "Intervenors") hereby move to intervene in this action as plaintiffs and as additional proposed class representatives under Fed. R. Civ. P. 24(a)(2), (b)(2) and 23(d)(2), for leave to file their Complaint in Intervention, a copy of which is annexed hereto as Exhibit A, pursuant to Fed. R. Civ. P. 24(c), and for other relief described herein. In support of this Motion, Intervenors state as follows:

**Introduction**

1. Bruce G. Howell brought this action as the sole plaintiff in an ERISA class action against Motorola, Inc. and other alleged fiduciaries of Motorola's defined contribution retirement plan, the Motorola, Inc. 401(k) Profit Sharing Plan (hereinafter the "Plan"). The current pleading in the action, the Second Amended ERISA Complaint, filed October 15, 2004 ("Docket No. 8, hereinafter referred to as the "Complaint"), alleges that Motorola and the other fiduciaries failed to properly administer the Plan by concealing from participants the risks attendant to Motorola's multi-billion dollar loans to Turkish telephone company "Telsim" and by allowing participants to continue

to invest their retirement monies in Motorola common stock when Motorola's enormous exposure and indebtedness relating to the Telsim loans rendered Motorola stock an imprudent retirement investment.

2. On September 30, 2005, the Court entered Judgment dismissing the Complaint, based upon the Court's Memorandum Opinion and Order of the same date (Docket Nos. 93-95). The Court ruled that Plaintiff Howell released the claims asserted in the Complaint when he signed a certain release form and accepted certain severance benefits upon termination of his employment with Motorola. The Court further directed that Plaintiff Howell's pending motion for class certification "is stricken without prejudice." Memorandum Opinion and Order at 14.

3. Howell appealed the dismissal of his Complaint. That appeal (No. 05-4141) is pending, with briefing therein suspended pursuant Circuit Rule 33.

4. On October 19, 2005, after Howell noticed his appeal, a former participant in the Plan, John W. Endsley, moved to intervene as a plaintiff and an additional class representative and for leave to file a complaint in intervention (Docket No. 97).

5. By Memorandum Opinion and Order dated August 11, 2006 (Docket No. 168), this Court denied Endsley's motion to intervene on the ground that, as *former* participant in the Plan, Endsley lacked standing to sue for breaches of fiduciary duty under Sections 502(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(2) and (a)(3). Howell appealed from the denial of intervention. That appeal was recently dismissed.

6. Intervenors are individuals who (1) were participants in the Plan during the period of the breaches of fiduciary duty alleged in the Complaint, (2) who held Motorola common stock in the form of the Motorola Stock Fund in their individual Plan accounts during the period of the

breaches of fiduciary duty alleged in the Complaint, (3) who are current participants in the Plan, and hold Motorola common stock, in the form of the Motorola Stock Fund in their individual Plan accounts, and (4) who have not signed releases of the claims asserted in the Complaint. As current participants, Intervenors have standing to sue, and the rationale for this Court's denial of the Endsley's intervention motion has no application to Intervenors or the present motion. Similarly, since Intervenors did not sign releases of the claims asserted in the Complaint when they left Motorola's employ, their claims are not subject to dismissal based on this Court's ruling (Docket Nos. 93-95) which dismissed Howell's Complaint.

7. Intervenors' retirement savings were diminished when Motorola and the other defendants, in violation of their duties of prudence, permitted Intervenors' individual accounts under the Plan to hold Motorola common stock when Motorola stock was not a prudent investment for retirement accounts, and when they failed to disclose to Intervenors and similarly situated Plan participants adequate and accurate information concerning Motorola's exposure because of its loans to and dealings with Telsim. Intervenors thus have standing to assert the claims which have already been asserted in the Complaint and in the proposed Complaint in Intervention (which is annexed hereto in Exhibit A) on their own behalves and on behalf of a class of persons similarly situated.

### The Motion to Intervene Should Be Granted

8. Intervenors' Motion to intervene as plaintiffs should be granted. First, this Court retains jurisdiction to grant the relief requested by the Motion notwithstanding the Judgment dismissing the Complaint which was entered on September 30, 2005. The district court retains jurisdiction over a case even after a judgment of dismissal, *e.g.*, *Lorenzen v. Employees Ret. Plan of Sperry & Hutchinson,* 896 F.2d 228, 231 (7th Cir. 1990); *Vollmer v. Publisher's Clearing House,*

248 F.3d 698, 707 and note 7 (district court retains jurisdiction to decide motion to intervene), and the Supreme Court has specifically held that a district court retains jurisdiction to grant a motion to intervene filed by an absent class member after a judgment of dismissal. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394-95 (1977). *See also* 6 *Moore's Federal Practice* § 24.21[2] (Matthew Bender 3d ed.) (collecting cases permitting post-judgment intervention); Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 1916 and note 20 (same). This Court also retains jurisdiction to decide the present motion notwithstanding the pendency of Howell's appeal, as this Court implicitly recognized when it denied Endsley's motion during the pendency of the Howell appeal.

9. In its Memorandum Opinion and Order of September 30, 2005 (Docket Nos. 93-95), the Court also ordered that Plaintiff Howell's pending motion for class certification is stricken without prejudice. As a result of the Judgment dismissing the Complaint, there is no representative plaintiff at all, let alone an adequate plaintiff, to represent the interests of the absent class members. "Intervention is liberally allowed after a denial of class status for the protection of absent class members' interests or after final judgment to appeal a class certification denial." *Newberg on Class Actions*, § 24:98 (Fourth Edition 2002). Intervenors' Motion to be added as class representatives for the proposed class of similarly situated Plan participants represents a classic example of an appropriate intervention under Rule 23(d)(2),[1] as well as under Rule 24(a) and (b).

---

[1] Rule 23(d)(2) provides in relevant part that ". . . the court may make appropriate orders . . . (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given . . . of the opportunity of members . . . to intervene and present claims or defenses, or otherwise to come into the action. . . ."

The Advisory Committee Notes for the 1996 Amendments to Rule 24 specifically mention the situation where a class member considers the current representation in the class action to maybe inadequate. In such a situation, the Advisory Committee Notes concludes, that

10. Intervenors' Motion should also be granted because Intervenors have satisfied the requirements of both intervention of right under Rule 24(a)(2) and permissive intervention under Rule 24(b)(2). Fed. R. Civ. P. 24(a)(2) provides in relevant part:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

11. Intervenors' Motion to intervene of right under Rule 24(a)(2) should be granted. As individuals who held Motorola stock in their 401(k) accounts at the time of the breaches of fiduciary duty alleged, and whose retirement savings were allegedly diminished by those fiduciary breaches, and as current plan participants, Intervenors have an interest in the transactions which are the subject of this action – Motorola's dealings with Telsim – and they are situated in a way that the disposition of the action may well impair or impede their ability to protect their interests. It is, moreover, especially true that Intervenors' interests may not be adequately represented by existing parties, since the Court has entered Judgment dismissing the Complaint brought by original plaintiff Howell and the Endsley intervention motion was denied, and Howell's appeal has not been decided.

12. The requirements for permissive intervention under Rule 24(b)(2) have also been clearly satisfied. Rule 24 (b)(2) provides in relevant part that:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim and defense and the main action have a question of law or fact in common."

13. Intervenors have claims for alleged violations of ERISA by Motorola and others, set forth in Exhibit A, which not only have questions of law and fact in common with the claims which

---

the class member "should, as a general rule, be entitled to intervene in the action."

have been asserted in the Complaint, but the proposed Complaint and Intervention is virtually identical to the Complaint. Indeed, the proposed Complaint and Intervention tracks the Complaint paragraph by paragraph, with the only changes being those which identify Intervenors and add Intervenors as additional Plaintiffs (paragraph 8(a)-(c)). Intervenors have, in particular, refrained from pleading in the Complaint and Intervention additional facts, circumstances and detail emanating from the advanced state of merits discovery in this case, thereby facilitating Defendants' answers to the Complaint and Intervention. Because Intervenors' claims have questions of law and fact in common with the claims of Plaintiff Howell asserted in the Complaint, the motion to intervene should be granted.

14. Both parts of Rule 24 require that the motion to intervene be "timely." Intervenors' Motion is clearly timely. Until the Court entered Judgment dismissing the Complaint on September 30, 2005, there was no need for a second plaintiff in this case and there was no need for additional plaintiff representation for the proposed class with respect to the pending motion for class certification. When the need for an additional plaintiff and proposed class representative arose as a result of the September 30, 2005 Judgment, Endsley acted promptly and filed his motion to intervene, and Intervenors are filing this motion within weeks of the dismissal of Endsley's appeal. Finally, as to Intervenors Lingis and Smith, the motion to intervene is especially timely in that their employment by Motorola only recently ceased when Motorola sold the auto electronic group where they had been employed by Motorola.

15. This Motion is also timely in that Defendants have known since December of 2004 (Docket No. 76-79) that at least one person would seek to intervene in substitution for Howell if Howell's claims were dismissed. It has thus been clear to all parties in this litigation for *two years*

that if the Court were to determine that original Plaintiff Howell or proposed Intervenor Endsley were not proper plaintiffs and/or class representatives in this class action that others were likely substitute themselves for Howell and/or Endsley and represent the participants and the class. The Motion to intervene is thus clearly timely.

16. Defendants will also not be prejudiced by grant of this Motion. As noted above, Defendants have known for two years that one person definitely would, and others were likely to, step into the case if any void in class representation were to occur. The continued participation by proposed class counsel in this case in the extensive coordinated merits discovery in this case and the related securities fraud class action, with Defendants' explicit consent, is further evidence that Defendants have no reason to be surprised, and will be in no way prejudiced, by grant of the present Motion and the addition of Intervenors as Plaintiffs.

17. As the Supreme Court noted in *United Airlines, Inc. v. McDonald*, on the issue of the timeliness of an absent class member's motion to intervene in a case after the entry of final judgment:

> The critical fact here is that once the entry of final judgment made the adverse class determination appealable, the respondent quickly sought to enter the litigation. <u>In short, as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests.</u>
>
> * * *
>
> [Defendant] United was put on notice by the filing of the *Romasanta* complaint of the possibility of classwide liability, and there is no reason why Mrs. McDonald's [the intervenor's] pursuit of that claim should not be considered timely under the circumstances here presented.

*United Airlines, Inc. v. McDonald*, 432 U.S. at 394-95 (footnote omitted).

18. Intervenors' Motion is timely and Defendants will suffer no prejudice from its allowance.

**The Motion for Leave to File the Complaint in Intervention Should Be Granted**

19. Rule 24(c) requires that a motion to intervene "be accompanied by a pleading setting forth the claim or defense for which intervention is sought." If Intervenors are allowed to intervene as party plaintiffs and proposed class representatives, they should be further granted leave to file the Complaint in Intervention which is annexed hereto as Exhibit A. The Complaint in Intervention is identical to the Complaint except that it adds Intervenors as additional plaintiffs and proposed class representatives. Defendants will not be prejudiced or burdened by the filing of the Complaint in Intervention. To the enormous extent that the Complaint and Complaint in Intervention are the same, Defendants will be able to file their answers to the Complaint in Intervention consistent with their earlier answers to the Complaint, or the parties may be able to stipulate that defendants' answers to the Complaint shall also be deemed their answers to the Complaint in Intervention.

WHEREFORE, Intervenors move for leave to intervene as plaintiffs and additional class representatives and for leave to file their Complaint in Intervention, a copy of which is annexed hereto as Exhibit A.

DATED:  December 20, 2006          **STULL, STULL & BRODY**

S/Edwin J. Mills
Edwin J. Mills
6 East 45th Street
New York, New York 10017
Telephone: (212) 687-7230
Fax: (212) 490-2022

**ROBERT D. ALLISON & ASSOCIATES**
Robert D. Allison
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
(312) 427-7600
Firm I.D. No. 36749          *Attorneys for Plaintiffs-Intervenors*
                              *Stephen G. Lingis, Donald L. Smith*
                              *and Peter D. White*