**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRUCE G. HOWELL, on Behalf of Himself and a Class of Persons Similarly Situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 03 C 5044** |
| **MOTOROLA, INC., *et al.*,** | ) | **Judge Rebecca R. Pallmeyer** |
| **Defendants.** | ) | |

**ORDER**

This case is a proposed class action under ERISA for breach of fiduciary duty, originally filed by Bruce G. Howell against the administrators of the Motorola Profit Sharing Plan. This court concluded that the waiver and release that Howell signed at the time he ended his employment with Motorola barred his claim, and entered judgment in favor of Defendants on that individual claim. Howell's appeal from that ruling is pending, as is the case before this court, in which another Plan participant has substituted as the representative Plaintiff.

After entry of the judgment in their favor against Howell, Defendants filed a timely bill of costs in the amount of $4,694.70 pursuant to FED. R. CIV. P. 54(d). Plaintiff has moved for an order denying any recovery of costs. He argues that language in the ERISA statute itself, not Rule 54(d) governs the award of costs in this case, and that no such award is appropriate here.

**DISCUSSION**

Rule 54(d)(1) provides that *"Except when express provision therefor is made either in a statute of the United States* or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party . . . ." FED. R CIV. P. 54(d)(1) (emphasis supplied). Plaintiff urges that § 502(g)(1) of ERISA constitutes such an "express provision"; that section renders the award of costs discretionary:

(g) Attorney's fees and costs

> (1) In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). One Seventh Circuit decision does explicitly recognize § 1132(g)(1) as an "express provision" for an exception to Rule 54(d). In *Nichol v. Pullman Standard, Inc*., 889 F.2d 115 (7th Cir. 1989), plaintiff had signed a severance agreement relinquishing his right to disability plan benefits; he later thought better of it, but the district court enforced the agreement and dismissed plaintiff's claim for the benefits after a bench trial. Affirming that decision, the Court of Appeals quoted Rule 54(d)'s direction that costs are to be allowed "as of course" except when "express provision" for such an award is made in another rule or statute. The Seventh Circuit observed, "ERISA includes such an express provision[.]" 889 F.2d at 121. The court held that the district judge properly declined to award fees and costs in favor of the prevailing defendant in that case, summarizing the standard for such an award under ERISA this way: "[The court should] award costs and fees to the prevailing party where there is reason to believe that the losing party engaged in litigation merely to harass its opponent." *Id.* at 122.

In a more recent case, however, the Seventh Circuit considered an award of costs under Rule 54(d) and attorneys fees under § 1132(g)(1) without any contemplation of the possibility that § 1132(g)(1) displaces Rule 54(d). In *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472 (7th Cir. 1998), where plaintiff demonstrated that the plan administrator's decision denying her benefits was arbitrary and capricious, the Court of Appeals concluded that the appropriate result was a remand order and award of costs pursuant to Rule 54(d); because the administrator's decision was not necessarily "wholly unjustified or in bad faith," however, the court declined to award attorneys' fees pursuant to § 1132(g)(1). Defendants here argue that *Quinn* demonstrates that an award of costs is appropriate under Rule 54(d) even where an award of fees is not

appropriate under § 1132(g)(1). The court acknowledges that was the result in *Quinn*, but notes that there is no indication that either party in that case raised the argument that § 1132(g)(1) provides for an exception to Rule 54(d).

In several other cases, the Seventh Circuit has addressed the propriety of an award of costs in an ERISA case without any discussion of the notion that § 1132(g)(1) displaces Rule 54(d) with respect to such an award. In *White v. Sundstrand Corp*., 256 F.3d 580 (7th Cir. 2001), for example, the court affirmed an award of costs against the named plaintiffs in an ERISA class action. The court responded to plaintiffs' argument that cost-shifting is not appropriate in class actions by asking, "What justification could there be for leaving prevailing defendants out of pocket?" *Id.* at 586. The issue in that case was whether absent class members should bear some of the costs; the opinion makes no mention of § 1132(g)(1). *See also McIlveen v. Stone Container Corp*., 910 F.2d 1581 (7th Cir. 1990) (affirming award of costs to prevailing defendant in ERISA action under Rule 54(d); no mention of § 1132(g)(1)).

In still other cases, the Seventh Circuit has considered awards of fees and costs pursuant to § 1132(g)(1) without commenting on that provision's relationship to Rule 54(d). In *Anderson v. Flexel, Inc*., 47 F.3d 243 (7th Cir. 1995), for example, the court made no mention of Rule 54(d) when it remanded an award of fees and costs in favor of a prevailing plaintiff because the district court failed to explain the conclusion that the defendant's litigation position was not "substantially justified." And in *Little v. Cox's Supermarkets*, 71 F.3d 637 (7th Cir. 1995), the Seventh Circuit affirmed an award of costs and "minimal" attorneys' fees against a plaintiff whose position was not substantially justified but whose resources were "meager", a circumstance that would render a larger award unjust. Again, the court referred to § 1132(g)(1) standards and made no mention of Rule 54(d). *See also Marquardt v. N. Am. Car Corp.,* 652 F.2d 715, 721 (7th Cir. 1981) (affirming denial of award of fees and costs to defendant in ERISA action pursuant to § 1132(g)(1) and observing, "although § 1132(g)(1) does not explicitly differentiate between plaintiffs and defendants,

a court will seldom abuse its discretion by refusing to award attorneys' fees and costs to a defendant"; no mention of Rule 54(d).).)

A handful of district court decisions have confronted the question of whether § 1132(g)(1) constitutes an "express provision" allowing for an exception to Rule 54(d). In *Teumer v. General Motors Corp*., No. 92 C 1855, 1994 WL 48581 (N.D. Ill. Feb. 14, 1994), defendant sought an award of costs after winning summary judgment on plaintiff's claim that defendant had laid him off to avoid paying ERISA benefits. *See Teumer v. General Motors Corp.,* 840 F. Supp. 538 (N.D. Ill. 1993), *aff'd*, 34 F.3d 542 (7th Cir. 1994). Judge Plunkett agreed with the plaintiff that "Rule 54(d) does not control here" because ERISA has its own "express provision" for an award of costs. Because plaintiff's claim was substantially justified and not frivolous, the court concluded that the modest presumption in favor of an award of costs had been overcome. *Teumer*, 1994 WL 48581, at *1. Another judge of this court reached precisely the opposite conclusion in *Armstrong v. Amsted Indus., Inc.*, No. 01 C 2963, 2004 WL 2480998, at *1 (N.D. Ill. Nov. 3, 2004): "Are, then, costs excepted from the normal operation of Federal Rule of Civil Procedure 54, when fees are not sought, because they are within the 'express provision' of a federal statute, namely 28 U.S.C. § 1132(g)(1)? We think not." The *Armstrong* court cited a number of Seventh Circuit cases, not including *Nichol;* observed that "Rule 54 costs are the norm"; and overruled the class action plaintiffs' objections to an award of costs. *Id.* In *Keach v. U.S. Trust Co., N.A.*, 338 F. Supp. 2d 931 (C.D. Ill. 2004) (Mihm, J.), the court noted the absence of any "clear precedent" in this circuit on the question of whether § 1132(g)(1) "trumps" the presumption in favor of an award of costs established by Rule 54(b). Judge Mihm opted to adopt "the more in-depth and persuasive analysis" from those courts that have concluded that an award of costs to a prevailing defendant in an ERISA case is governed by § 1132(g)(1). Although the plaintiffs did not prevail at a bench trial on their claim for breach of fiduciary duties under ERISA, the court concluded that their position, "though not meritorious, was more than merely not frivolous and was 'substantially justified.'" *Id.* at 935. *See*

*also Harley v. Minn. Mining and Mfg. Co*, No. Civ. 4-96-488 (JRT/RLE), 2003 WL 22283345, at *1 (D. Minn. Sept. 23, 2003) ("Although [Defendant] insists that ERISA does not supersede FED. R. CIV. P. 54(d)(1), the plain language of the Rule indicates that the specific statutory provision for a cost award in ERISA displaces the general rule allowing costs as a matter of course."); *Lessard v. Applied Risk Mgmt., Inc*., No. C-99-3371 WHO, 2001 WL 34033100, at *7 (N.D. Cal. May 22, 2001) ("Because § 1132(g)(1) expressly grants the Court the discretion to award or not award costs to either party, it trumps Rule 54(d)'s presumption in favor of an award of costs for the prevailing party."); *Holdeman v. Devine*, No. 2:02-CV-00365 PGC, 2006 WL 1049104 (D. Utah Apr. 19, 2006) (where prevailing defendants sought costs only under § 1132(g)(1), costs are not to be awarded as a matter of course and are denied).

This court recognizes that the matter is not free from doubt, but concludes that the Seventh Circuit decision that most directly addresses the question raised by this motion is *Nichol.* The court there did specifically identify § 1132(g)(1) as an "express provision" creating an exception to Rule 54(d)'s direction that the district court must ordinarily award costs to a prevailing party. In concluding that such an exception could not have been intended, the *Armstrong* court observed that "§ 1132 looks both ways, and it seems unlikely that Congress intended to deny costs to a prevailing plaintiff solely because the defendants' position was substantially justified and in good faith." Yet that appears to be precisely the result the Seventh Circuit contemplated in *Anderson*, where it remanded an award of fees in favor of the plaintiff because the district court did not articulate a basis for concluding that the defendant's litigation posture was not justified. 47 F.3d at 251. The court focused on the much larger award of fees but did not exclude costs from its analysis.

Under § 1132(g)(1), an award is appropriate only where the prevailing party shows that its opponent's litigation position was not "substantially justified." In *Little*, the Seventh Circuit noted that a variety of approaches are used to assess that issue, but "the bottom line question is the same: was the losing party's position substantially justified and taken in good faith, or was that party

simply out to harass its opponent?" 71 F.3d at 644 (internal quotation marks and citations omitted). Defendants here have devoted substantial attention to the question of whether they are entitled to an award of costs as of course pursuant to Rule 54(d). They have not challenged Plaintiff Howell's good faith nor argued that his position was not substantially justified. In fact, the claim survived a hard-fought motion to dismiss and, although the court concluded Howell himself lacks standing, his arguments to the contrary were not insubstantial. The court concludes Howell has overcome the "modest presumption" that a prevailing party in an ERISA case is entitled to reimbursement under § 1132(g)(1). *See Bowerman v. Wal-Mart Stores, Inc.,* 226 F.3d 574 (7th Cir. 2000).

**CONCLUSION**

Plaintiff's motion to deny costs (121) is granted.

ENTERED:

Dated: March 12, 2007

REBECCA R. PALLMEYER
United States District Judge