UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE G. HOWELL, STEPHEN G. LINGIS, DONALD L. SMITH and PETER D. WHITE, on Behalf of Themselves and a Class of Persons Similarly Situated, | : : : : : : : : : : : : : : : : : : : : : : | No. 03 C 5044<br><br>Judge Rebecca R. Pallmeyer |
| Plaintiffs, | | |
| v. | | |
| MOTOROLA, INC., DAVID DEVONSHIRE, THE PROFIT SHARING COMMITTEE OF MOTOROLA, INC., RICK DORAZIL, CHRISTOPHER B. GALVIN, ROBERT L. GROWNEY, RONNIE C. CHAN, H. LAURANCE FULLER, ANNE P. JONES, DONALD R. JONES, JUDY C. LEWENT, WALTER E. MASSEY, NICHOLAS NEGROPONTE, JOHN E. PEPPER, JR., SAMUEL C. SCOTT III, GARY L. TOOKER, B. KENNETH WEST, JOHN A. WHITE and CARL F. KOENEMANN, | | |
| Defendants. | | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT MOTOROLA, INC.
TO ANSWER CERTAIN DEPOSITION QUESTIONS**

Plaintiffs, by their undersigned counsel, hereby move this Court for an Order pursuant Fed. R. Civ. P. 37(a)(2)(B) compelling Defendant Motorola, Inc. to answer the following deposition questions, which were asked at the Rule 30(b)(6) deposition of Motorola and which Motorola declined to answer:

Question 1: What legal opinion was provided in connection with the compliance (or non-compliance) of Motorola's 401(k) plan with ERISA Section 404(c), 29 U.S.C. 1104(c)?

Question 2: What legal advice was provided regarding the offering of Motorola stock as an investment option under the Motorola 401(k) Plan, or regarding ways of reducing the risk of fiduciary liability with respect to the Motorola stock option under the Motorola 401(k) Plan?

Motorola should also be compelled to answer under oath appropriate follow-up questions once these questions have been answered in response to this Motion.

In support of this Motion Plaintiffs state as follows:

1. This is an ERISA case. Plaintiffs allege that Motorola and other fiduciaries of Motorola's 401(k) defined contribution retirement plan (the "Motorola 401(k) Profit Sharing Plan") violated the fiduciary duties imposed by ERISA when participants of the Plan were allowed to invest their retirement savings in Motorola common stock when it was not prudent to do so. Motorola common stock was allegedly not a prudent retirement savings option during the proposed Class Period in this case (May 16, 2000 through December 31, 2002) because of Motorola's highly-risky vendor financing to, and dealings with, Turkish telecommunications company Telsim. Plaintiffs have also alleged that the fiduciary duties imposed by ERISA were violated when the true state of affairs with respect to Motorola's dealings with Telsim was concealed from the participants, thereby depriving the participants of the opportunity to make informed judgments concerning their retirement savings options and to avoid investment loss.

2. In early 2005 Plaintiffs (actually, the original Plaintiff, Bruce G. Howell, before the intervention of Plaintiffs White, Lingis and Smith) served a Rule 30(b)(6) notice of deposition upon defendant Motorola, Inc. One of the subject matters for examination (Matter No. 12) was the identification of all legal advice or opinions requested or received in connection with management or administration of the Motorola Plan.

3. Whether legal advice was sought or obtained regarding management or administration of Motorola's 401(k) Plan is relevant to this case, as is what the legal advice was,

2

whether the legal advice was predicated upon accurate and complete information being provided to the counselor, and whether the advice which was obtained was followed. For example, if legal advice was requested about whether Motorola common stock could be properly offered under the 401(k) plan while billions of dollars of Motorola financing was at risk to Telsim, the mere request for such advice would be evidence that at least the requester saw that there was an issue that needed to be addressed. If legal advice was not provided, or if advice was provided but not followed, such evidence would also be inculpatory in nature. If, on the other hand, legal advice was obtained to the effect that it was permissible to continue to offer Motorola common stock as an investment option under the 401(k) plan, and that such offering was proper without any particular disclosure to the participants about the state of Motorola's dealings with Telsim, such evidence would probably be exculpatory in nature. But whether inculpatory or exculpatory, what legal advice was obtained, what the legal advice was based upon, and whether the legal advice was followed are clearly relevant and important subjects of discovery in this case.

4. And then there is the defense afforded by Section 404(c) of ERISA. That statutory provision allows fiduciaries of 401(k) plans to shift the risk of investment loss from fiduciaries to participants, but only under certain circumstances. At a minimum, Section 404(c) and the regulations thereunder require that the participants be provided with complete and accurate information such that the participants are deemed to independently control their accounts under the 401(k) plan. Whether Section 404(c) was complied with in the case of Motorola's 401(k) plan is an important subject of discovery in this case, including because it has been pleaded as an affirmative defense to Plaintiffs' claims. See Answer to Intervenor Complaint dated April 2, 2007, Affirmative Defense No. 3 ("Plantiffs-Intervenors' claims against the Committee Defendants are barred, in whole or in part, by Section 404(c) of ERISA, 29 U.S.C. §1104(c)").

5. Just as whether Section 404(c) was or was not complied with is relevant in this case, so too is legal advice concerning 404(c) compliance. If, for example, legal advice was provided to the effect that additional disclosures to participants were necessary to satisfy 404(c), but such additional disclosures were not forthcoming, that would be inculpatory. If, on the other hand, legal advice was obtained that Section 404(c) could be satisfied here without any particular disclosure to the participants of the true state of affairs relating to Telsim, such evidence might be exculpatory in nature. But, again, identification of the legal advice requested and obtained, what the legal advice was predicated upon and whether the advice was followed are important subjects of discovery in this case.

6. On May 18, 2005 Motorola produced for deposition three designees to testify concerning the matters identified in Plaintiffs' Rule 30(b)(6) Notice. The designee as to Matter No. 12 (legal advice) was James B. Foote.

7. Plaintiffs' questions to Motorola's designee Foote on the subject of legal advice are concentrated at Pages 77-88 of the Foote transcript. Pages 77-88 of the Foote transcript is annexed hereto as Exhibit A.

8. As demonstrated by Exhibit A, Motorola repeatedly declined to answer questions relating to legal advice, on the ground of attorney-client privilege. For example:

> BY MR. MILLS:
>
> Q. The question is: Was a legal opinion provided in connection with 404(c) Plan compliance, just "yes" or "no"?
>
> A. Yes.
> Q. Okay. What was the opinion?
>
> MS. RICH (Defendants' counsel): Okay. And I'm going to instruct him not to answer on the grounds that that's covered by the attorney-client privilege."

4

Exhibit A hereto, Foote Transcript Page 79, lines 1-9.

9. So Plaintiffs know that legal advice was obtained on the important subject of Section 404(c) compliance, but Plaintiffs have been foreclosed from marshalling evidence as to what the legal advice was, what the legal advice was based on, whether the legal advice was followed, and other important matters.

10. The legal issue raised by this Motion is whether legal advice in connection with 401(k) plan management or administration is protected from disclosure by the attorney-client privilege in a suit brought by the participants and beneficiaries of the plan. As set forth in accompanying Memorandum of Law, the Seventh Circuit has recognized the so-called "fiduciary exception" to the attorney-client privilege whereby the privilege may not be raised as against participants and beneficiaries of an employee benefit plan when the legal advice pertains to management or administration of the plan. Since, here, legal advice was given with respect to at least one plan management or administration matter --- 404(c) compliance --- that advice is not privileged under the fiduciary exception and disclosure of the advice must be directed.

11. The record is also clear that legal advice was provided regarding plan management or administration matters other than 404(c) compliance. Motorola's Rule 30(b)(6) testimony also establishes that a legal opinion was provided regarding the important topics of Motorola common stock being an investment option under the plan, and "regarding ways of reducing the risk of fiduciary liability with respect to the Motorola stock option under the plan." Motorola's designee testified:

> "A   We had advice regarding day trading restrictions of the Plan, advice regarding the establishment of a stock fund for our free scale entity that was spun off from Motorola, advice regarding 404(c) compliance, advice regarding ways of reducing the risk of fiduciary liability with the MOT stock option or the MOT option as an investment option.
>
> Q.   What do you mean the MOT option?

5

        MS. RICH: Motorola shorthand.

        THE WITNESS: Motorola, sorry. It's the trading acronym for Motorola, sorry."

Exhibit A hereto, Foote Transcript Page 84, lines 12-22

12. Again, however, Motorola refused to answer questions seeking to establish what legal advice was obtained on these important subjects. See Exhibit A hereto, Foote Transcript, Page 85, line 13 to Page 86, line 11. Since whether to offer Motorola stock as an investment option clearly relates to plan management and administration, as does "ways of reducing the risk of fiduciary liability with respect to the MOT stock option," the fiduciary exception clearly applies and Motorola should be directed to identify the legal advice obtained. Appropriate follow-up questioning should also be permitted after the questions listed in this Motion are answered.

## Rule 37(a)(2)(B) Certification

13. I, Edwin J. Mills, hereby certify that I have conferred in good faith with Ian Morrison, Esq., attorneys for Defendants, in an attempt to resolve this discovery dispute. In particular, I wrote a letter to Mr. Morrison on March 27, 2007 identifying the issues raised by this Motion, identifying certain of the legal authorities supporting the so-called "fiduciary exception" to the attorney-client privilege and suggesting ways of resolving this dispute short of motion practice. I have also discussed this discovery dispute with Mr. Morrison on at least two occasions by telephone and have been unable to reach agreement on the issues raised by the Motion. This discovery dispute must be resolved by the Court.

    The further grounds for this Motion are set forth in the accompanying Memorandum of Law filed herewith.

DATED: June 7, 2007

                                        **STULL, STULL & BRODY**

                                        <u>S/Edwin J. Mills</u>
                                        Edwin J. Mills
                                        6 East 45th Street
                                        New York, New York 10017
                                        Telephone: (212) 687-7230
                                        Fax: (212) 490-2022

**ROBERT D. ALLISON & ASSOCIATES**
Robert D. Allison
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
(312) 427-7600
Firm I.D. No. 36749

                                        *Attorneys for Plaintifs Bruce G. Howell.*
                                        *Stephen G. Lingis, Donald L. Smith and Peter D. White*