# EXHIBIT 1

# (Part 4 of 4)

**Resolutions of the**
**Compensation Committee of the**
**Board of Directors of Motorola, Inc.**

January 29, 2001

**WHEREAS,** the Company maintains the Motorola, Inc. Pension Plan (the "Motorola Pension Plan"), the Motorola, Inc. 401(k) Profit Sharing Plan (the "Motorola 401(k) Plan") ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or the benefit of its eligible employees; and

**WHEREAS,** Section 12.1 of the Motorola Pension Plan provides that the Plan may be amended at any time and from time to time by the Board of Directors or its delegate; and

**WHEREAS,** Section 11.2 of the Motorola 401(k) Plan provides that the Plan may be amended at any time and from time to time by resolution of the Board of Directors or its delegate and the Profit Sharing Committee; and



**WHEREAS,** the Board of Directors has delegated authority to amend the Motorola Pension Plan, the Motorola 401(k) Plan ▮▮▮▮▮▮▮ o this Committee; and

**WHEREAS,** this Committee has previously acted by unanimous consent to approve and authorize General Instrument Corporation ("GI") to participate in the Motorola Pension Plan and the Motorola 401(k) Plan, effective January 1, 2001, subject to the filing with the Committee of a certified copy of resolutions of the board of directors of GI authorizing such participation; and

**WHEREAS,** the Committee deems it appropriate to amend the Motorola Pension Plan, the Motorola 401(k) Plan and ▮▮▮▮▮▮ and take such additional action, as described below.

**I. Motorola Pension Plan**

**NOW, THEREFORE, BE IT RESOLVED,** that the Committee hereby delegates to the Motorola Director of Human Resources the authority to approve a "Subsidiary" (as defined in Section 2.28 of the Motorola Pension Plan) becoming a participating employer in the Motorola Pension Plan with respect to its eligible employees, subject to such Subsidiary filing with the Director of Human Resources a certified copy of the resolution of the board of directors of the Subsidiary authorizing such action and stating therein the date such Subsidiary is to be included; and

**FURTHER, RESOLVED**, that the Committee hereby delegates to the Motorola Director of Human Resources the authority to approve, with the concurrence of the Chief Financial Officer of Motorola or his or her delegate, the merger into the Motorola Pension Plan, in accordance with Section 10.1 thereof, of any defined benefit pension plan which meets the requirements of Section 401(a) of the Internal Revenue Code maintained by (i) any Subsidiary or (ii) any other person, firm, partnership, corporation or other entity (a "Person"), in the event that the Company succeeds by merger, acquisition, consolidation or other transaction, to all or part of the assets or business of, or enters into a joint venture with, such Person, and in either case employees of such other Person become employees of the Company or of a participating Subsidiary who may otherwise become eligible for participation in the Motorola Pension Plan; and

**FURTHER, RESOLVED**, that in connection with the merger of any plan (the "Merged Plan") into the Motorola Pension Plan in accordance with Section 10.1 thereof, the Committee hereby delegates to the Motorola Director of Human Resources the authority to amend the Motorola Pension Plan to the extent necessary or appropriate to preserve on behalf of participants previously covered by the Merged Plan any then-accrued benefit under such Merged Plan and any "section 411(d)(6) protected benefit" (as such term is defined for purposes of Treasury Regulation Section 1.411(d)(6)-4) provided by such Merged Plan prior to the merger effective date; and

**FURTHER, RESOLVED**, that the Committee hereby delegates to the Motorola Retirement Committee the authority of the Board of Directors of the Company, and of this Committee as its delegate, under Section 12.1 of the Motorola Pension Plan to amend the Motorola Pension Plan as it deems appropriate and in the interests of the Company as sponsor of the Motorola Pension Plan; and

**FURTHER, RESOLVED**, that Section 3.1 of the Motorola Pension Plan is hereby amended by adding the following paragraph, effective January 1, 2001:

> Notwithstanding the above, in the event that the Company succeeds by merger, acquisition, consolidation or other transaction, to all or part of the assets or business of, or enters into a joint venture with any other person, firm, partnership, corporation or other entity (a "Person"), and in either case employees of such other Person become Employees of the Company who may otherwise become eligible for participation in the Plan, the Motorola Director of Human Resources may designate that such Employees of the Person shall be ineligible to participate in the Plan for any purpose, and such designation shall be reflected in an appendix to the Plan.

DC1 30044709v1

MOT-ERISA 4024

FURTHER, RESOLVED, that the first sentence of Section 5.3 of the Motorola Pension Plan, as previously amended, is hereby further amended by deleting the word "contemporaneous" therein, effective January 1, 2001; and

FURTHER, RESOLVED, that the Motorola Pension Plan is hereby further amended as set forth in Exhibit A hereto, effective January 1, 2001.

## II. Motorola 401(k) Plan

FURTHER RESOLVED, that the Committee hereby delegates to the Motorola Director of Human Resources the authority to approve a "Subsidiary" (as defined in Section 1.38 of the Motorola 401(k) Plan) becoming a participating employer in the Motorola 401(k) Plan with respect to its eligible employees, subject to such Subsidiary filing with the Director of Human Resources a certified copy of the resolution of the board of directors of the Subsidiary authorizing such action and stating therein the date such Subsidiary is to be included; and

FURTHER, RESOLVED, that the Committee hereby delegates to the Motorola Director of Human Resources the authority to approve, with the concurrence of the Chief Financial Officer of Motorola or his or her delegate, the merger into the Motorola 401(k) Plan, in accordance with Section 10.1 thereof, of any profit sharing plan which meets the requirements of Section 401(a) of the Internal Revenue Code (and which may include a cash or deferred arrangement meeting the requirements of Section 401(k) of the Internal Revenue Code) maintained by (i) any Subsidiary or (ii) any other person, firm, partnership, corporation or other entity (a "Person"), in the event that the Company succeeds by merger, acquisition, consolidation or other transaction, to all or part of the assets or business of, or enters into a joint venture with, such Person, and in either case employees of such other Person become employees of the Company or of a participating Subsidiary who may otherwise become eligible for participation in the Motorola 401(k) Plan; and

FURTHER, RESOLVED, that in connection with the merger of any plan (the "Merged Plan") into the Motorola 401(k) Plan in accordance with Section 10.1 thereof, the Committee hereby delegates to the Motorola Director of Human Resources the authority to amend the Motorola 401(k) Plan to the extent necessary or appropriate to preserve on behalf of participants previously covered by the Merged Plan any then-accrued benefit under such Merged Plan and any "section 411(d)(6) protected benefit" (as such term is defined for purposes of Treasury Regulation Section 1.411(d)(6)-4) provided by such Merged Plan prior to the merger effective date; and

FURTHER, RESOLVED, that the Committee hereby delegates to the Profit Sharing Committee the authority of the Board of Directors of the Company, and of this Committee as its delegate, under Sections 11.1 and 11.2 of the Motorola 401(k) Plan to amend the Motorola 401(k) Plan as it deems appropriate and in the interests of the Company as sponsor of the Motorola 401(k) Plan; and

3

DCI 30044709v1

MOT-ERISA 4025

**FURTHER, RESOLVED,** that the last sentence of Section 2.1 of the Motorola 401(k) Plan, as previously amended, is hereby further amended to state as follows, effective January 1, 2001:

> Notwithstanding the above, in the event that the Company succeeds by merger, acquisition, consolidation or other transaction, to all or part of the assets or business of, or enters into a joint venture with, any other person, firm, partnership, corporation or other entity (a "Person"), and in either case employees of such other Person become Employees of the Company who may otherwise become eligible for participation in the Plan, the Motorola Director of Human Resources may (i) designate that such Employees of the Person shall be ineligible to participate in the Plan for any purpose, or (ii) waive the requirement that such Employees of the Person shall have completed one (1) Year of Service as a condition for participation in the Plan and in Company Contributions. Any such action by the Motorola Director of Human Resources shall be reflected in an appendix to the Plan.

**FURTHER, RESOLVED,** that Section 10.5 of the Motorola 401(k) Plan, as previously amended, is hereby further amended by deleting the word "contemporaneous" therefrom, effective January 1, 2001.

REDACTED

DCI 30044709v1

MOT-ERISA 4026



## IV. General

**FURTHER, RESOLVED,** that the foregoing delegations of authority are effective as of the date hereof and shall remain in effect until revoked by action of this Committee or by the Board of Directors of the Company; and

**FURTHER, RESOLVED,** that the appropriate officers of the Company are hereby authorized and directed to take all steps necessary and appropriate, and to execute all documents as they may deem necessary or advisable or as may be recommended by legal counsel to the Company, with respect to the above resolutions.

### Resolutions of the
### Compensation Committee
### of the Board of Directors of Motorola, Inc.

**WHEREAS**, the Company maintains the Motorola, Inc. Pension Plan (the "Pension Plan"), the Motorola, Inc. 401(k) Profit Sharing Plan (the "401(k) Plan") ████████████████████████████████ for the benefit of its eligible employees; and

**WHEREAS**, Section 12.1 of the Pension Plan provides that the Board of Directors may from time to time make any amendment or amendments to the Pension Plan; and

**WHEREAS**, Section 11.2 of the 401(k) Plan provides that the Plan may be amended from time to time by resolution of the Board of Directors and the Profit Sharing Committee; and



**WHEREAS**, the Board of Directors has delegated authority to amend the Pension Plan and the 401(k) Plan to this Committee; and

**WHEREAS**, the Committee deems it appropriate to amend the Pension Plan, the 401(k) Plan ████████████ as described below:

### I. Pension Plan

**NOW THEREFORE**, the Compensation Committee of the Board of Directors hereby resolves to amend Section 2.27(c) and (d) of the Pension Plan as follows, effective as of the date of these resolutions:

    (c)    In the case of a Portable Plan Participant (as defined in Section 6.1(d)) who had accrued a benefit under the Plan prior to July 1, 2000, the Social Security Benefit shall be determined as of a date not later than June 30, 2000, and shall not be adjusted for Earnings or changes in the Social Security law after such date. If the Portable Plan Participant produces, prior to December 31, 2001, or, if later, within six (6) months after the date the Participant is notified of the amount of benefit to which he is or will become entitled under Section 6.1(c)(1), documentation from the Social Security Administration establishing that he is entitled to a

MOT-ERISA 4028

lesser primary insurance amount (determined at age 65 or later start date), such lesser amount shall be his Social Security Benefit and shall be applied retroactively to redetermine his retirement benefit under Section 6.1(c)(1).

(d)     If a Traditional Plan Participant (as defined in Section 6.1(d)), including a Traditional Plan Participant who has previously separated from service, produces, within six (6) months after the latest of (1) the date of separation from service by retirement or otherwise, (2) the date the Participant is notified of the amount of benefit to which he is entitled from the Plan, or (3) July 1, 2001, documentation from the Social Security Administration establishing that he is entitled to a lesser primary insurance amount (determined at age 65 or later start date), such lesser amount shall be his Social Security Benefit and shall be applied retroactively to redetermine his retirement benefit.

**FURTHER RESOLVED,** that each employee of the Company who (a) was previously eligible to elect to become a Traditional Plan Participant or Portable Plan Participant as described in Section 6.1(d) of the Pension Plan, and (b) is an employee of the Network Management Group of Motorola, Inc. as of September 20, 2000, shall be entitled to file a new election with the Retirement Committee under Section 6.1(d), in such form and at such time (not to exceed one week) as the Retirement Committee shall determine, with such election to be effective as though it were filed during the original April 2000 election period.

## II. 401(k) Plan

**FURTHER RESOLVED,** that Section 2.1 of the 401(k) Plan is hereby amended by adding the following paragraph, effective September 1, 2000:

Notwithstanding the above, in the event that the Company succeeds by merger, acquisition, consolidation or other transaction, to all or part of the assets or business of, or enters into a joint venture with, any other person, firm, partnership, corporation or other entity (a "Person"), and in either case employees of such other Person become Employees of the Company who may otherwise become eligible for participation in the Plan, the requirement that such an Employee shall have completed one (1) Year of Service as a condition for participation in the Plan and in Company Contributions may be waived with respect to all such Employees of the Person, to the extent determined by contemporaneous action of the Motorola Director of Human Resources and reflected in an appendix to the Plan.

- 2 -

DC1 30040122v1

MOT-ERISA 4029

**FURTHER RESOLVED**, that in connection with the transfer of assets to the Plan from the Philips Consumer Communications L.P. 401(k) Retirement Savings Plan, the Plan is hereby amended by the adoption of the Supplement to the Plan for the Philips Consumer Communications L.P. 401(k) Retirement Savings Plan, appended hereto as Exhibit A, effective as of September 1, 2000; and

**FURTHER RESOLVED**, that, pursuant to Sections 4.6 and 10.1 of the Plan, the Software Corporation of America Thrift Incentive & Profit Sharing Plan ("SCA Plan") is hereby merged into the Plan, effective December 29, 2000, or as soon thereafter as the transfer of assets of the SCA Plan to the Plan may be accomplished ("SCA Plan Merger Effective Date"); and

**FURTHER RESOLVED**, that the Plan is hereby amended by the adoption of the Supplement to the Plan for the SCA Plan, appended hereto as Exhibit B, effective as of the SCA Plan Merger Effective Date.

REDACTED

• • •

**FURTHER RESOLVED**, that the appropriate officers of the Company are hereby authorized and directed to take all steps necessary and appropriate, and to execute all documents as they may deem necessary or advisable or as may be recommended by legal counsel to the Company, with respect to the above resolutions.

DC1 30040122v1

MOT-ERISA 4030

## EXHIBIT A

### Supplement to the
### Motorola, Inc. 401(k) Profit Sharing Plan
### for the
### Philips Consumer Communications L.P. 401(k) Retirement Savings Plan

Effective September 1, 2000, assets from the Philips Consumer Communications L.P. 401(k) Retirement Savings Plan (the "PCC Plan") were transferred into the Motorola, Inc. 401(k) Profit Sharing Plan (the "Motorola Plan"), pursuant to the Motorola-Lucent-PCC Transfer Agreement, dated August 28, 2000. The following provisions shall apply effective September 1, 2000 to former participants in the PCC Plan with respect to whom a transfer of assets and liabilities was made from the PCC Plan to the Motorola Plan (a "PCC Participant") in connection with such asset transfer:

1.     <u>Withdrawal of After-Tax Contributions.</u>  A PCC Participant who is an Employee may withdraw all or any portion of his or her account attributable to participant voluntary after-tax contributions (as adjusted for earnings and/or losses attributable thereto) transferred from the PCC Plan to the Motorola Plan.

2.     <u>Withdrawal of Rollover Contributions.</u>  A PCC Participant who is an Employee, and to whom no withdrawal under paragraph 1 above is available, may withdraw all or any portion of his or her account attributable to participant rollover contributions (as adjusted for earnings and/or losses attributable thereto) transferred from the PCC Plan to the Motorola Plan.

3.     <u>Withdrawal upon Attaining Age 70½.</u>  A PCC Participant who is an Employee, and who has attained age 70½, may withdraw all or any portion of his or her account attributable to amounts transferred from the PCC Plan to the Motorola Plan.

4.     <u>Withdrawal of Matching Contributions.</u>  Notwithstanding Section 5.9 of the Motorola Plan, a PCC Participant who is an Employee, and who has attained age 59½, may withdraw all or any portion of his or her account attributable to matching contributions (as adjusted for earnings and/or losses attributable thereto) transferred from the PCC Plan to the Motorola Plan.

5.     <u>Withdrawal of Philips Electronics Matching Contributions.</u>  This paragraph applies to a PCC Participant who previously participated in the Philips Electronics North America Corporation Employee Savings Plan (a "Philips Electronics Plan") and for whom a "Transferor Plan Matching Account" was maintained in the PCC

DC1 30039555v1

MOT-ERISA 4031

Plan as a result of such participation. A PCC Participant who is an Employee, and who has sixty or more months of participation in the Plan, the PCC Plan and/or the Philips Electronics Plan, may withdraw all or any portion of his or her account attributable to matching contributions to the Philips Electronics Plan (as adjusted for earnings and/or losses attributable thereto) transferred from the PCC Plan to the Motorola Plan as the Transferor Plan Matching Account. A PCC Participant who is an Employee, and who has less than sixty months of participation in the Plan, the PCC Plan and/or the Philips Electronics Plan, may withdraw all or any portion of his or her account attributable to matching contributions to the Philips Electronics Plan (as adjusted for earnings and/or losses attributable thereto) transferred from the PCC Plan to the Motorola Plan as the Transferor Plan Matching Account, excluding the actual aggregate dollar amount of employer contributions to such Transferor Plan Matching Account made during the twenty-four months immediately preceding the first day of the month following the Valuation Date of the withdrawal.

6.   <u>Rules Applicable to Withdrawals.</u> A PCC Participant may initiate withdrawals under this Supplement by submitting a request in such form and in such manner as the Profit Sharing Committee may determine. Unless the Profit Sharing Committee determines otherwise by rule or regulation of general application, a Participant may take no more than one withdrawal under a specific paragraph above in any six-month period, and the minimum withdrawal under any paragraph above shall be two hundred dollars ($200).

The above provisions shall not affect the rights of PCC Participants to take such other withdrawals and distributions as may be available to them under the terms of the Motorola Plan.

**Approved and Adopted November 7, 2000.**

2

DC1 30039555v1

MOT-ERISA 4032

**EXHIBIT B**

**Supplement to the**
**Motorola, Inc. 401(k) Profit Sharing Plan**
**·for the**
**Software Corporation of America Thrift Incentive**
**& Profit Sharing Plan**

Effective December 29, 2000, the Software Corporation of America Thrift Incentive & Profit Sharing Plan (the "SCA Plan") will be merged into the Motorola, Inc. 401(k) Profit Sharing Plan (the "Motorola Plan"). The following provision shall apply effective December 29, 2000 to former participants in the SCA Plan with respect to whom a transfer of assets and liabilities was made from the SCA Plan to the Motorola Plan (an "SCA Participant") in connection with such merger:

1.  <u>In-Service Withdrawal upon Attaining Age 59½.</u> An SCA Participant who is an Employee, and who has attained age 59½, may withdraw all or any portion of his or her account attributable to amounts transferred from the SCA Plan to the Motorola Plan.

2.  <u>Rules Applicable to In-Service Withdrawals.</u> An SCA Participant may initiate withdrawals under this Supplement by submitting a request in such form and in such manner as the Profit Sharing Committee may determine. Unless the Profit Sharing Committee determines otherwise by rule or regulation of general application, a Participant may take no more than one in-service withdrawal hereunder in any six-month period, and the minimum in-service withdrawal under any paragraph above shall be two hundred dollars ($200).

The above provisions shall not affect the rights of SCA Participants to take such other withdrawals and distributions as may be available to them under the terms of the Motorola Plan.

**Approved and Adopted November 7, 2000.**

DCI 30039558v1

**Unanimous Written Consent of the**
**Compensation Committee**
**of the Board of Directors of Motorola, Inc.**

**June 16, 2000**

The undersigned, being the members of the Compensation Committee of the Board of Directors of Motorola, Inc., hereby take the following action by unanimous written consent:

WHEREAS, Motorola Inc. maintains the Motorola, Inc. Pension Plan (the "Pension Plan") and the Motorola, Inc. 401(k) Profit Sharing Plan (the "401(k) Plan") for the benefit of its eligible employees;

WHEREAS, Section 12.1 of the Pension Plan provides that the Board of Directors may from time to time make any amendment or amendments to the Pension Plan; and

WHEREAS, Section 11.2 of the 401(k) Plan provides that the Plan may be amended from time to time by resolution of the Board of Directors and the Profit Sharing Committee; and

WHEREAS, the Board of Directors has delegated authority to amend the Pension Plan and the 401(k) Plan to this Committee; and

WHEREAS, the Committee deems it appropriate to amend the Pension Plan and the 401(k) Plan as described below:

NOW THEREFORE, the members of the Compensation Committee of the Board of Directors hereby resolve to amend the Pension Plan as follows, effective as of the date set forth above:

1.  Section 3.1(b) of the Pension Plan is clarified by inserting "U.S." before "Payroll Department" wherever it appears.

2.  Section 6.13(a) of the Pension Plan is amended by deleting the last sentence and by adding the following paragraph in lieu thereof:

    The form of benefit selected by a Participant in connection with his Required Beginning Date may not later be changed by the Participant to a different form. If a Portable Plan Participant elects to receive a lump sum distribution upon (or prior to) his Required Beginning Date, any continued benefit accrual under Section 6.1(e) shall be treated as satisfied to the extent of the Actuarial Equivalent (expressed as a single life annuity) of in-service distributions of benefits, as described in Appendix A.

MOT-ERISA 4034

3.  Section 6.16(b) of the Pension Plan is amended in its entirety to state as follows:

(b)  <u>Benefits Paid in a Lump Sum</u>.  If the Participant received the entire amount of his vested retirement benefit in a lump sum payment and is subsequently reemployed as an Employee, the Participant's Benefit Service at the time of his initial retirement shall not be reinstated or taken into account in determining the amount of the Participant's accrued benefit upon his reemployment.  In addition, if a Portable Plan Participant received the entire amount of his vested retirement benefit in a lump sum payment on or after July 1, 2000, and is subsequently reemployed as an Employee within one year of his prior termination from employment, the Participant's Vesting Service at the time of his initial retirement shall not be reinstated or taken into account under Section 6.1(c) in determining the amount of the Participant's accrued benefit upon his reemployment, but such Vesting Service will be taken into account in determining whether the Participant has attained his Early Retirement Age or Vested Retirement Age upon his subsequent retirement.  Except as provided in the preceding sentence, upon the Participant's subsequent retirement, the reemployed Participant's eligibility for a benefit and the amount of the benefit shall be determined, calculated and paid as if he were then first retired based upon his reinstated Vesting Service earned prior to his earlier retirement, plus any Vesting Service and Benefit Service earned following the date of reemployment.

4.  Section 10.2(a) of the Pension Plan is amended by adding the following to the end of the paragraph:

In addition, in the event of (1) the sale, disposition or transfer of all or part of a business subdivision by the Corporation or by a Subsidiary which is participating in the Plan to a Subsidiary which is not participating in the Plan ("purchaser"), which sale, disposition or transfer includes the transfer to the purchaser of Participants ("Transferred Employing Unit"), and (2) the purchaser's cessation as a Subsidiary as a result of the subsequent sale, disposition or transfer of all or a portion of the Corporation's (or other Subsidiary's) interest in the purchaser, the provisions of this Section 10.2 shall apply.

5.  Section 10.2(c) of the Pension Plan is amended in its entirety to state as follows:

- 2 -

MOT-ERISA 4035

If the terms of the sale, disposition or transfer do not provide for the transfer of Trust Funds, or if such terms do provide for the transfer of Trust Funds and the purchaser does not maintain or does not establish a plan meeting the requirements of paragraph (b) within a reasonable time (as determined by the Corporation), the portion of the Trust Fund attributable to such Transferred Participants shall, if not then vested, become fully vested and shall be held by the Trustee for distribution to such Participants pursuant to the provisions of the Plan. To the extent permitted by law, Transferred Participants shall be treated as having incurred a termination of employment and separation from service for purposes of the Plan.

6.    Appendix A of the Pension Plan is amended by adding the following Section IV to state as follows:

### IV.    Age 70 ½ Calculation under Section 6.13(a)(4)

The following example illustrates how benefits are determined for a Portable Plan Participant who has elected to receive a lump sum distribution in-service with respect to his Required Beginning Date:

_Assumptions:_

|  | 6/30/00 | 6/30/01 | 6/30/02 | 6/30/03 |
|---|---|---|---|---|
| **Age** | **70.5** | **71.5** | **72.5** | **73.5** |
| Years of Svc | 20 | 21 | 22 | 23 |
| Portable Benefit % | 0 | 7% | 14% | 21% |
| Final Average Earnings | 60,000 | 61,000 | 62,000 | 63,000 |
| Frozen Traditional Benefit | 15,000 | | | |
| **Interest rate (hypothetical)** | **6.26%** | **7.26%** | **4.00%** | **6.00%** |
| Traditional Life Annuity | 15,000 | 15,000 | 15,000 | 15,000 |
| Portable Lump sum (FAE x Ben %) | - | 4,270 | 8,680 | 13,230 |
| Immed. Lump sum factor (hypothetical) | 8.949 | 8.149 | 9.7121 | 8.2259 |
| Portable annuity (Portable LS / LS factor) | - | 524 | 894 | 1,608 |
| Total Annuity (Trad + Portable annuity) | 15,000 | 15,524 | 15,894 | 16,608 |
| Less Traditional Annuity value paid | | 15,000 | 15,000 | 15,000 |
| Less Portable Annuity value previously paid (based on current LS factor) | n/a | | 440 | 1,055 |
| Life Annuity available | 15,000 | 524 | 454 | 553 |
| Convert to lump sum | $134,235 | 4,270 | 4410 | 13,230 |
| Subsequent lump sum payment | | $ 4,270 | $ 4,410 | $ 4,550 |

- 3 -

MOT-ERISA 4036

This calculation can also be expressed as providing for payment in subsequent years of the amount of the Participant's accrual with respect to Benefit Service earned under the Portable Plan, reduced by the sum of all prior amounts attributable to Benefit Service earned under the Portable Plan previously distributed to the Participant, as follows (using same assumptions as above).

| | | | | |
|---|---|---|---|---|
| Traditional Life Annuity | 15,000 | | | |
| Convert to lump sum | $134,235 | -- | -- | -- |
| Portable Lump sum (FAE x Ben %) | - | 4,270 | 8,680 | 13,230 |
| Less Portable Lump Sum previously paid | | | 4,270 | 8,680 |
| Subsequent lump sum payment | | $ 4,270 | $ 4,410 | $ 4,550 |

7.  Section 2.1(b) of the 401(k) Plan is clarified by inserting "U.S." before "Payroll Department" wherever it appears.

8.  Section 10.4(a) of the 401(k) Plan is amended by adding to the end of the paragraph the following sentence:

In addition, in the event of (1) the sale, disposition or transfer of all or part of a business subdivision by the Corporation or by a Subsidiary which is participating in the Plan to a Subsidiary which is not participating in the Plan ("purchaser"), which sale, disposition or transfer includes the transfer to the purchaser of Participants ("Transferred Employing Unit"), and (2) the purchaser's cessation as a Subsidiary as a result of the subsequent sale, disposition or transfer of all or a portion of the Corporation's (or other Subsidiary's) interest in the purchaser, the provisions of this Section 10.4 shall apply.

9.  Section 10.4(c) of the 401(k) Plan is amended in its entirety to state as follows:

- 4 -

If the terms of the sale, disposition or transfer do not provide for the transfer of Trust Funds, or if such terms do provide for the transfer of Trust Funds and the purchaser does not maintain or does not establish a plan meeting the requirements of paragraph (b) within a reasonable time (as determined by the Corporation), the portion of the Trust Fund attributable to such Transferred Participants shall, if not then vested, become fully vested and shall be held by the Trustee for distribution to such Participants pursuant to the provisions of the Plan. To the extent permitted by law, Transferred Participants shall be treated as having incurred a termination of employment and separation from service for purposes of the Plan.

FURTHER RESOLVED, that the appropriate officers of Motorola, Inc. are hereby authorized and directed to take all steps necessary and appropriate, and to execute all documents as they may deem necessary or advisable or as may be recommended by legal counsel to the Company, with respect to the above unanimous written consent.

* * *

IN WITNESS WHEREOF, the undersigned member of the Compensation Committee of the Board of Directors have executed this Unanimous Written Consent this _____ day of June, 2000.

_____
Samuel C. Scott, III

_____
H. Laurance Fuller

_____
John E. Pepper, Jr.

MOT-ERISA 4038

If the terms of the sale, disposition or transfer do not provide for the transfer of Trust Funds, or if such terms do provide for the transfer of Trust Funds and the purchaser does not maintain or does not establish a plan meeting the requirements of paragraph (b) within a reasonable time (as determined by the Corporation), the portion of the Trust Fund attributable to such Transferred Participants shall, if not then vested, become fully vested and shall be held by the Trustee for distribution to such Participants pursuant to the provisions of the Plan. To the extent permitted by law, Transferred Participants shall be treated as having incurred a termination of employment and separation from service for purposes of the Plan.

**FURTHER RESOLVED,** that the appropriate officers of Motorola, Inc. are hereby authorized and directed to take all steps necessary and appropriate, and to execute all documents as they may deem necessary or advisable or as may be recommended by legal counsel to the Company, with respect to the above unanimous written consent.

* * *

**IN WITNESS WHEREOF,** the undersigned member of the Compensation Committee of the Board of Directors have executed this Unanimous Written Consent this _____ day of June, 2000.

<br>

_____
Samuel C. Scott, III

_H. Laurance Fuller_
_____
H. Laurance Fuller

_____
John E. Pepper, Jr.

- 5 -

MOT-ERISA 4039

If the terms of the sale, disposition or transfer do not provide for the transfer of Trust Funds, or if such terms do provide for the transfer of Trust Funds and the purchaser does not maintain or does not establish a plan meeting the requirements of paragraph (b) within a reasonable time (as determined by the Corporation), the portion of the Trust Fund attributable to such Transferred Participants shall, if not then vested, become fully vested and shall be held by the Trustee for distribution to such Participants pursuant to the provisions of the Plan. To the extent permitted by law, Transferred Participants shall be treated as having incurred a termination of employment and separation from service for purposes of the Plan.

**FURTHER RESOLVED,** that the appropriate officers of Motorola, Inc. are hereby authorized and directed to take steps necessary and appropriate, and to execute all documents as they may deem nece or advisable or as may be recommended by legal counsel to the Company, with re: o the above unanimous written consent.

•  •  •

**IN WITNESS WHEREOF,** the undersigned member of the Compensation Committee of the Board of Directors have executed this Unanimous Written Consent this _____ day of June, 2000.

_____
Samuel C. Scott, III


_____
H. Laurance Fuller


_____
John E. Pepper, Jr.

MOT-ERISA 4040

**Unanimous Written Consent of the**
**Profit Sharing Committee of the**
**Motorola Profit Sharing and Investment Plan**

**June 16, 2000**

WHEREAS, Section 11.2 of the Motorola Profit Sharing and Investment Plan (the "401(k) Plan") provides that the Plan may be amended from time to time by resolution of the Board of Directors and the Profit Sharing Committee approved by Plan Participants.

NOW THEREFORE, the members of the Profit Sharing Committee hereby resolve to amend the Plan as follows, effective as of the date set forth above:

1.  Section 2.1(b) of the 401(k) Plan is clarified by inserting "U.S." before "Payroll Department" wherever it appears.

2.  Section 10.4(a) of the 401(k) Plan is amended by adding to the end of the paragraph the following sentence:

    In addition, in the event of (1) the sale, disposition or transfer of all or part of a business subdivision by the Corporation or by a Subsidiary which is participating in the Plan to a Subsidiary which is not participating in the Plan ("purchaser"), which sale, disposition or transfer includes the transfer to the purchaser of Participants ("Transferred Employing Unit"), and (2) the purchaser's cessation as a Subsidiary as a result of the subsequent sale, disposition or transfer of all or a portion of the Corporation's (or other Subsidiary's) interest in the purchaser, the provisions of this Section 10.4 shall apply.

3.  Section 10.4(c) of the 401(k) Plan is amended in its entirety to state as follows:

    If the terms of the sale, disposition or transfer do not provide for the transfer of Trust Funds, or if such terms do provide for the transfer of Trust Funds and the purchaser does not maintain or does not establish a plan meeting the requirements of paragraph (b) within a reasonable time (as determined by the Corporation), the portion of the Trust Fund attributable to such Transferred Participants shall, if not then vested, become fully vested and shall be held by the Trustee for distribution to such Participants pursuant to the provisions of the Plan. To the extent permitted by law, Transferred Participants shall be treated as having incurred a termination of employment and separation from service for purposes of the Plan.

FURTHER RESOLVED, that the appropriate officers of Motorola, Inc. are hereby authorized and directed to take all steps necessary and appropriate, and to execute all documents as they may deem necessary or advisable or as may be recommended by legal counsel to the Company, with respect to the above unanimous written consent.

MOT-ERISA 4041

* * *

IN WITNESS WHEREOF, the undersigned member of the ~~Compensation~~ Profit Sharing Committee of the Board of Directors have executed this Unanimous Written Consent this _30th_ day of June, 2000.

_William P. DeClerck_
William P. DeClerck

_____
Richard Enstrom

_____
Garth L. Milne

_____
Carl F. Koenemann

_____
Gary L. Tooker

MOT-ERISA 4042

\* \* \*

      **IN WITNESS WHEREOF**, the undersigned member of the ~~Compensation~~ *Profit Sharing* Committee of the Board of Directors have executed this Unanimous Written Consent this ___*30th*___ day of June, 2000.

_____
William P. DeClerck

_____
Richard Enstrom

_____
Garth L. Milne

_____
Carl F. Koenemann

_____
Gary L. Tooker

**MOT-ERISA 4043**

* * *

**IN WITNESS WHEREOF,** the undersigned member of the ~~Compensation~~ *Profit Sharing* Committee of the Board of Directors have executed this Unanimous Written Consent this _30th_ day of June, 2000.

_____
William P. DeClerck

_____
Richard Enstrom

_____
Garth L. Milne

_____
Carl F. Koenemann

_____
Gary L. Tooker

**MOT-ERISA 4044**

*  *  *

**IN WITNESS WHEREOF,** the undersigned member of the ~~Compensation~~ *Profit Sharing* Committee of the Board of Directors have executed this Unanimous Written Consent this _30th_ day of June, 2000.

William P. DeClerck  _____

Richard Enstrom  _____

Garth L. Milne  _____

Carl F. Koenemann  _____

Gary L. Tooker

MOT-ERISA 4045

**Resolutions of the
Compensation Committee of the
Board of Directors of Motorola, Inc.**

**May 1, 2000**

WHEREAS, Motorola Inc. maintains the Motorola, Inc. Pension Plan (the "Pension Plan") and the Motorola, Inc. 401(k) Profit Sharing Plan (the "401(k) Plan") for the benefit of its eligible employees;

WHEREAS, Section 12.1 of the Pension Plan provides that the Board of Directors may from time to time make any amendment or amendments to the Pension Plan; and

WHEREAS, Section 11.2 of the 401(k) Plan provides that the Plan may be amended from time to time by resolution of the Board of Directors and the Profit Sharing Committee; and

WHEREAS, the Board of Directors has delegated authority to amend the Pension Plan and the 401(k) Plan to this Committee; and

WHEREAS, the Committee deems it appropriate to amend the Pension Plan and the 401(k) Plan as described below:

RESOLVED, that Sections 2.31 and 5.3 of the Pension Plan and Sections 1.43 and 10.5 of the 401(k) Plan are hereby amended to state as follows, effective January 1, 2000:

1. The last sentence of Section 2.31 of the Pension Plan is hereby deleted and replaced with the following sentence:

   "As used in this Section 2.31, the term Company includes all Affiliated Employers while such entity is an Affiliated Employer."

2. Section 5.3 of the Pension Plan is amended in its entirety and replaced with the following paragraph:

   "5.3 **Employees Transferred in Acquisition.** In the event that the Company or an Affiliated Employer succeeds by merger, acquisition, consolidation or other transaction, to all or part of the assets or business of, or enters into a joint venture with, any other person, firm, partnership, corporation or other entity (a "Person"), and in either case employees of such other Person become Employees of the Company or an Affiliated Employer, the years of service of any such Employee with such other Person prior to the date such Employee becomes an Employee of the Company or an Affiliated Employer (and prior to the date such Person becomes an Affiliated Employer, if applicable) shall not be deemed to be Years of Service with the Company or any Affiliated Employer for any

MOT-ERISA 4046

purpose of the Plan, except as otherwise determined by contemporaneous action of the Motorola Director of Human Resources or his/her delegate and reflected in an appendix to the Plan. Notwithstanding the foregoing, no credit for service with such other Person shall be granted for purposes of determining Benefit Service under the Plan without approval of the Board of Directors or its delegate in accordance with Section 12.1 of the Plan.

3. The last sentence of Section 1.43 of the 401(k) Plan is amended in its entirety to read as follows:

"As used in this Section 1.43, the term Company includes all Affiliated Employers while such entity is an Affiliated Employer."

4. Section 10.5 of the 401(k) Plan is amended in its entirety to state as follows:

"**10.5 Employees Transferred in Acquisition.**
In the event that the Company or an Affiliated Employer succeeds by merger, acquisition, consolidation or other transaction, to all or part of the assets or business of, or enters into a joint venture with, any other person, firm, partnership, corporation or other entity (a "Person"), and in either case employees of such other Person become Employees of the Company or an Affiliated Employer, the years of service of each such Employee with such other Person prior to the date such Employee becomes an Employee of the Company or an Affiliated Employer (and prior to the date such Person becomes an Affiliated Employer, as applicable) shall not be deemed to be Years of Service with the Company or an Affiliated Employer for any purpose of the Plan, except as otherwise determined by contemporaneous action of the Motorola Director of Human Resources or his/her delegate and reflected in an appendix to the Plan."

FURTHER RESOLVED, that the appropriate officers of Motorola, Inc. are hereby authorized and directed to take all steps necessary and appropriate, and to execute all documents as they may deem necessary or advisable or as may be recommended by legal counsel, with respect to the above resolution.

10105366.2
4/25/00

2

MOT-ERISA 4047