UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| BRUCE G. HOWELL, STEPHEN G. LINGIS, DONALD L. SMITH and PETER D. WHITE, on Behalf of Themselves and a Class of Persons Similarly Situated, | X : : : : | No. 03 C 5044 |
| Plaintiffs, | : : | Judge Rebecca R. Pallmeyer |
| v. | : : |  |
| MOTOROLA, INC., THE PROFIT SHARING COMMITTEE OF MOTOROLA, INC., RICK DORAZIL, CHRISTOPHER B. GALVIN, ROBERT L. GROWNEY, H. LAURANCE FULLER, ANNE P. JONES, JUDY C. LEWENT, WALTER E. MASSEY, NICHOLAS NEGROPONTE, JOHN E. PEPPER, JR., SAMUEL C. SCOTT III, GARY L. TOOKER, JOHN A. WHITE and CARL F. KOENEMANN, | : : : : : : : : : : : |  |
| Defendants. | : X |  |

**PLAINTIFFS' MEMORANDUM IN OPPOSTION
TO DEFENDANTS' MOTION TO STAY PENDING APPEAL**

Plaintiffs, by their undersigned counsel, oppose Defendants' motion to stay this case pending the decision by the Court of Appeals on Defendants' appeal from this Court's order granting class certification. Plaintiffs oppose a stay for two reasons.

First, this case should not be stayed because the appeal will not dispose of this case. Even if the Court of Appeals should disagree with this Court's order granting certification, and even if the Court of Appeals were to order that no class be certified, this case would still proceed to judgment on the merits because the individual Plaintiffs are asserting claims under ERISA Section 502 (a)(2), 29 U.S.C. Section 1132 (a)(2). Under that provision, a participant in an employee benefit plan (*i.e.,* the individual Plaintiffs) may attempt to recover *for the plan*

losses suffered *by the plan*. *See LaRue v. DeWolff, Boberg & Assoc., Inc.,*- - - S.Ct. - - - , 2008 WL 440748 *4(U.S. February 20, 2008). Under this statutory provision, the Court will have to decide the merits of this case- - - in particular, whether any fiduciary of the Motorola Profit Sharing and Investment Plan breached the duties of prudence and/or loyalty to the Plan, and what losses were suffered by the Plan as a result- - - no matter how the Court of Appeals rules on class certification issues.[1] Under these circumstances, a stay is not warranted.

The second reason Plaintiffs oppose the Motion is that a stay will increase the costs of litigation to Plaintiffs and will unnecessary protract this 2003 case. As the Motion correctly states, the parties are presently heavily immersed in the extensive evidentiary record which has been generated by this case, including conflicting expert proof, as each side has moved for summary judgment and each side is preparing its opposition and reply papers on the summary judgment motions. Plaintiffs have several attorneys working on this large project now, under the existing deadlines. To "put down the file now" and restart the summary judgment work months down the road after the Court of Appeals rules will undoubtedly require significant start-up time and increased litigation costs. If the appeal was, or even might, be dispositive of the case, there might be some merit to a stay notwithstanding the increased costs. But because the 502(a)(2) claim will proceed to judgment anyway, this case should not be stayed.

---

[1] Since a claim under Section 502(a)(2) may affect the rights of participants and beneficiaries of an employee benefit plan it is *appropriate* for class certification to be sought for such claims. *E.g., Coan v. Kaufman,* 457 F. 3d 250, 262 (2d Cir. 2006). While it is appropriate to seek Rule 23 class certification of an action asserting 502 (a)(2) claims, it is not essential, as many courts have indicated. *E.g., Montgomery v. Aetna Plywood Inc.,* 1996 WL 189347, at *3 (N.D. Ill. Apr. 16, 1996); *Thompson Avondale Indus.,* 2001 *WK* 1543497, at *2 (E.D. La. 2001); *Kayes v. Pacific Lumber Co.,* 51 F. 3d 1449, 1462 (9th Cir. 1995)(under ERISA, a breach of fiduciary duty claim is *automatically* a representative claim); *Specialty Cabinets Fixtures, Inc. v. Am. Equitable Life Ins. Co.,* 140 F.R.D. 474, 479 (S.D. Ga. 1991) (noting that "[t]he right to recovery, after all, belongs to the plan").

Date:   February 27, 2008                                **STULL, STULL & BRODY**

/s/Edwin J. Mills
Edwin J. Mills
6 East 45th Street
New York, New York 10017
Telephone: (212) 687-7230
Fax: (212) 490-2022


**ROBERT D. ALLISON & ASSOCIATES**
Robert D. Allison
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
(312) 427-7600
Firm I.D. No. 36749

*Attorneys for Plaintiffs*