IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE HOWELL, STEPHEN LINGIS, DONALD SMITH and PETER WHITE,<br><br>Plaintiffs<br><br>- v -<br><br>MOTOROLA, INC., et al.,<br><br>Defendants | Case No. 03-cv-5044<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO STAY PROCEEDINGS IN LIGHT OF THE COURT
OF APPEALS' ACCEPTANCE OF DEFENDANTS' RULE 23(f) APPEAL**

All remaining defendants (herein, "Defendants"), by and through their attorneys, submit this brief in reply to Plaintiffs' opposition to Defendants' motion to stay these proceedings.

Plaintiffs raise two arguments in opposition to the motion to stay. First, they essentially claim that the Supreme Court's recent opinion in *LaRue v. DeWolff, Boberg & Assocs.*, 2008 WL 440748 (Feb. 20, 2008), means that there is no need for a class action in a case like this one and that, therefore, the appeal is meaningless. Second, Plaintiffs claim that a stay would unnecessarily increase litigation costs by forcing their counsel to "put down the file" and restart after the Seventh Circuit rules on the Rule 23(f) appeal. Neither argument has merit. The Court should order a stay.

As to Plaintiffs' first point, *LaRue* was not a class action and did not resolve any questions about the propriety of a class action in this or any other ERISA case. To the contrary, it held that an individual 401(k) plan participant has an individual claim under Section 502(a)(2) to recover an alleged loss to his individual benefit under the plan. The Court held that this alleged loss was a loss to the plan. The Court rejected the idea that a Section 502(a)(2) claim is a derivative claim that must necessarily be brought on behalf of the entire plan and held instead that an individual can bring his own 502(a)(2) claim without regard to the interests of the entire plan. Contrary to Plaintiffs' contentions, now more than ever, after *LaRue*, Plaintiffs must satisfy Rule 23. *See also Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 313-19 (5th Cir. 2007) (applying Rule 23 standards to Section 502(a)(2) action); *Piazza v. Ebsco Indus.*, 273 F.3d 1341, 1350-54 (11th Cir. 2001) (same); *Thornton v. Evans*, 692 F.2d 1064, 1079 (7th Cir. 1982) (plaintiff bringing ERISA lawsuit on behalf of the plan must comply with either Rule 23.1's requirements for derivative actions or Rule 23's requirements for class actions); *Buckmaster v. Wyman*, No. 05-C-0166, WL 1785845, *5 (E.D. Wis. 2006) (plaintiff bringing Section 502(a)(2) action on behalf of a plan must meet prerequisites of Fed. R. Civ. P. 23).

Plaintiffs' second argument misses the point entirely. If the Court of Appeals dissolves the class in this case, it will eviscerate Plaintiffs' case, especially after *LaRue*. This case will stop being a purported $900 million case and become something like a

$10,000 case. There is little sense in pouring time and money into summary judgment proceedings that may not be justified in a $10,000 case. Plaintiffs speak of somewhat higher costs if the case is "put down" now and picked up later, but that is nothing compared to the unnecessary costs expended if the parties proceed in this Court only to learn from the Seventh Circuit that this case is not a class action. In any event, this case has started and stopped several times already, for reasons wholly of Plaintiffs' own making. Their assertion that this is problematic rings hollow.

Even Plaintiffs concede in their opposition brief that "[i]f the appeal was, or even might, be dispositive of the case, there might be some merit to a stay . . . ." The only argument Plaintiffs have offered to the contrary is their flawed reading of *LaRue*. Because Plaintiffs' opposition to the stay is unfounded, Defendants respectfully submit that the stay should be granted.

Respectfully submitted,

ALL REMAINING DEFENDANTS

By     s/Brian M. Stolzenbach

J. Stephen Poor
John T. Murray
Ian H. Morrison
Brian M. Stolzenbach
Ada W. Dolph
SEYFARTH SHAW LLP
131 S. Dearborn St., Ste. 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000

**Filed: February 28, 2008**

3

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing motion to be served via the Court's electronic noticing system upon the following individuals on this 28th day of February, 2008:

Edwin J. Mills
Stull, Stull & Brody
Six East 45th Street
New York, New York 10017

Robert D. Allison
Robert D. Allison & Associates
122 S. Michigan Ave., Ste. 1850
Chicago, Illinois 60603

s/Brian M. Stolzenbach