**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEPHEN G. LINGIS, DONALD L. SMITH and PETER D. WHITE, on Behalf of Themselves and a Class of Persons Similarly Situated, : : : : : | No. 03 C 5044 |
| : | Judge Rebecca R. Pallmeyer |
| Plaintiffs, : | |
| v. : : | |
| MOTOROLA, INC., THE PROFIT SHARING COMMITTEE OF MOTOROLA, INC., RICK DORAZIL, CHRISTOPHER B. GALVIN, ROBERT L. GROWNEY, H. LAURANCE FULLER, ANNE P. JONES, JUDY C. LEWENT, WALTER E. MASSEY, NICHOLAS NEGROPONTE, JOHN E. PEPPER, JR., SAMUEL C. SCOTT III, GARY L. TOOKER, B., JOHN A. WHITE and CARL F. KOENEMANN, : : : : : : : : : : : | |
| Defendants. : | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS**

Pursuant to Rule 54(d)(1) and the Court's Minute Order entered on July 30, 2009 (Docket No. 463), Plaintiffs, by their undersigned counsel, hereby object to Defendants' Bill of Costs filed on July 17, 2009 (Docket No. 458) in its entirety.

**Relevant Procedural Background**

On June 17, 2009, the Court granted Defendants' motion for summary judgment and entered judgment for Defendants on all claims. On July 17, 2009, Defendants filed a Bill of Costs with the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1). Also on July 17, Plaintiffs filed a motion to extend their time to object to the Bill of Costs. On July 20, 2009, the Court ordered that "Plaintiffs'

objection, if any, to Defendants' Bill of Costs is to be filed within 14 days." The Clerk of the Court has not yet taxed costs.

## Argument

**1. ERISA Section 502(g) is an "Express Provision" Which Is an Exception to Fed R. Civ. P. Rule 54(d)**

By its terms, Rule 54(d)(1) is subject to other governing federal statutes. *See* Rule 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise. . ."). This is a case brought under ERISA, which sets forth its own governing provision for the allowance of costs, namely, ERISA Section 502(g)(1), which provides that in actions such as this one, "the court in its discretion may allow . . . costs of [the] action to either party." 29 U.S.C. § 1332(g)(1).

Defendants have previously moved for costs in this action. In an Order dated March 12, 2007 (Docket No. 202), the Court found that ERISA Section 502(g)(1) was an "express provision" for an exception to Rule 54(d) and that "[u]nder [29 U.S.C.] § 1132(g)(1), an award is appropriate only where the prevailing party shows that its opponent's litigation position was not 'substantially justified.'" (Docket No. 202 at 5) (denying Defendants' previous bill of costs).

While Rule 54(d) has been amended since the Court's previous ruling,[1] the amendments are not relevant to Defendants' pending Bill of Costs. Rule 54(d) still begins with the phrase "[u]nless

---

[1] As *Stafford Invs., LLC v. Vito*, 2009 U.S. Dist. LEXIS 41250, at *33 (E.D. Pa. May 14, 2009), states:
> Before 2007, the rule provided "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1)(repealed 2007). After the 2007 amendments, the Rule now provides "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The word "should" retains both the discretionary aspect of the former Rule's phrase "unless the court otherwise directs" and the mandatory aspect of "costs . . . shall be allowed as of course." *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 457 (3d Cir. 2000).

2

a federal statute, these rules, or a court order provides otherwise. . . ." As the Court has already found, ERISA Section 502(g)(1) provides otherwise. (Docket No. 202 at 2, 5, citing *Nichol v. Pullman Standard, Inc*., 889 F.2d 115 (7th Cir. 1989)).

Because Defendants' Bill of Costs cannot overcome the first "unless" phrase of Rule 54(d), the amendments to Rule 54(d) should not effect the Court's decision. Rule 54(d) is simply inapplicable because of ERISA Section 502(g)(1). The Court should rule, as it did on Defendants' previous Bill of Costs, that ERISA Section 502(g)(1) is an express provision for purposes of Rule 54(d) and, therefore, Defendants' Bill of Costs must be decided under ERISA Section 502(g)(1).

**2.     Defendants Are Not Entitled to Costs Under ERISA Section 502(g)**

ERISA Section 502(g)(1), 29 U.S.C. § 1332(g)(1), states that in actions such as this one, "the court in its discretion may allow . . . costs of action to either party." This provision has been interpreted as requiring a showing of bad faith or harassment in order to award costs. *See, e.g., Jones v. General Motors Pension Plan*, 1998 U.S. Dist. LEXIS 17526 (N.D. Ill. Oct. 27, 1998). Since here, as in *Jones*, "defendants have presented no evidence . . . to show that plaintiff acted in bad faith or was merely trying to harass defendants," there is no basis for an award of any costs to defendants. *See also* Docket No. 202 at 6 ("[Defendants] have not challenged Plaintiff Howell's good faith nor argued that his position was not substantially justified. In fact, the claim survived a hard-fought motion to dismiss and, although the court concluded Howell himself lacks standing, his arguments to the contrary were not insubstantial. The court concludes Howell has overcome the "modest presumption" that a prevailing party in an ERISA case is entitled to reimbursement under § 1132(g)(1). *See Bowerman v. Wal-Mart Stores, Inc.,* 226 F.3d 574 (7th Cir. 2000).")

Similarly, and for essentially the same reasons, Plaintiffs Lingis, Smith and White also have overcome the "modest presumption" that Defendants are entitled to costs. Although the Court has

3

found in favor of Defendants' on their Motion for Summary Judgment and denied Plaintiffs' motion that hardly means that Plaintiffs' suit was brought or contained in bad faith or represents a mere harassment of Defendants. Plaintiffs' Rule 56 motion was supported by substantial evidence, including expert proof and the several Arnold & Porter memoranda which pointed the accusing finger of blame for the "Telsim Problem" at Defendant Carl Koenemann, the chairman of Motorola's 401(k) committee as of January 1, 2001. And this Court's rulings on summary judgment as to the viability of ERISA non-disclosure claims based on an issuer's SEC filings (Document 448 at 18) and the applicability of the Section 404(c) defense when the claim is imprudent selection of plan investment options (Document 448 at 22) were not so clearly the law in this Circuit throughout this suit that Plaintiffs' pursuit of the action through the summary judgment stage can fairly be characterized as bad faith or harassment. While Plaintiffs lost, that does not mean they sued in bad faith or to harass. *See e.g. Meiszner v. Suburban Bank & Trust Co.,* 397 F. Supp 2d. 952, 957 (N.D. Ill. 2005); *see also Rivera v. City of Chicago,* 469 F.3d 631, 635-36 (7th Cir. 2006) (closeness and difficulty of the issues raised by the case a factor in assessing costs under Rule 54(d)(1)).

Defendants' suggestion that *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009), supports their Bill of Costs is incorrect. The *Hecker* decision does not reference Rule 54(d)(1) or ERISA Section 502(g), and thus provides little, if any, guidance. More importantly, the plaintiffs' allegations in *Hecker* were dismissed under Rule 12(b)(6).[2] It is possible that the district court in

---

2     The Seventh Circuit noted in affirming dismissal:

> We see no plausible allegation that the Plans do not comply with § 1104(c). Plaintiffs have focused on matters that are not helpful to them in the end, namely, the defendants' failure to disclose non-public material information, their revenue-sharing arrangements, and their decision to offer only Fidelity Research mutual funds. As we have already noted, however, the regulations implementing the safe-harbor defense describe in detail the expenses and fees that must be

*Hecker* found that the *Hecker* plaintiffs "acted in bad faith or [were] merely trying to harass defendants" when they claimed that Defendants were obligated to disclose certain fund fee expense information when the law was clearly otherwise. Here, by contrast, the Court should find that Plaintiffs prosecuted their claims in good faith even though they lost on summary judgment.

3.  **Even if ERISA Section 502(g)(1) Did Not Apply, Defendants Are Not Entitled to All of the Costs Sought**

As Defendants acknowledge in their Bill of Costs at page 2, of the $84,214.02 which the seek to recover, only $15,378.21 was incurred as a direct result of Plaintiffs' claims. Therefore, even if ERISA Section 502(g)(1) did not apply, Defendants would only be entitled to $15,378.21 at the most.

Specifically, of the costs which Defendants seek, $ 68,835.81 was incurred during the course of discovery with the separate securities case which Defendants have settled. The Securities Action was dismissed without costs (Case 1:03-cv-00287, Document 531, Page 4 ¶ 7). In other words, despite the fact that Defendants *agreed* to bear their own costs in the Securities Action, Defendants seek to recover the same costs from the ERISA Plaintiffs.

But, as Defendants recognize in their Bill of Costs, "costs related to depositions, including discovery depositions, [are only] recoverable if *necessarily obtained* for use in the case." Bill of Costs at 4, citing *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985). Defendants present no evidence that the overlapping amount of $68,835.81 was "necessarily obtained" for use in

---

> disclosed. The fee distribution by the management company post-collection is not one of those fees. *See* 29 C.F.R. §§ 2550.404c-1(b)(2)(i)(B)(1)(v), (2)(i). And, as we have already explained, the revenue-sharing arrangement between the Fidelity defendants is not material information for a participant's investment decision.

*Hecker*, 556 F.3d at 589.

the ERISA Action. Given that these costs were borne as part of the Securities Action, Defendants cannot establish that they were "necessarily obtained" for use in this case. *Cf. In re Williams Sec. Litig -- WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (noting that the "district court independently reviewed the record and excluded transcription costs related to seven deposition witnesses because it was not satisfied that these depositions were 'necessarily obtained' for use in the case"); *Efron v. P.R. Highway & Transp. Auth.*, 2009 U.S. Dist. LEXIS 59497, at * 4-5, *10-11 (D.P.R. June 30, 2009) (limiting costs awarded to those items which could not have been used in a concurrent litigation). As in *Efron*, the Securities Action and the ERISA action proceeded concurrently, the same result should ensue for exactly the same reason, the vast majority of costs which Defendants seek were simply not "necessarily obtained" for use in *this* case.

## Conclusion

Because the ERISA statute itself, not Rule 54(d), governs the award of costs in this case, and because Defendants cannot satisfy their burden for costs under ERISA, Defendants' Bill of Costs should be denied in its entirety. In the alternative, Defendants should be awarded no more than $15,378.21.

DATED: August 3, 2009　　　　　　　　**STULL, STULL & BRODY**

　　　　　　　　　　　　　　　　　　　　s/ Edwin J. Mills
　　　　　　　　　　　　　　　　　　　　Edwin J. Mills
　　　　　　　　　　　　　　　　　　　　6 East 45th Street
　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 687-7230
　　　　　　　　　　　　　　　　　　　　Fax: (212) 490-2022

**ROBERT D. ALLISON & ASSOCIATES**
Robert D. Allison
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
(312) 427-7600
Firm I.D. No. 36749

*Attorneys for Plaintiffs Bruce G. Howell, Stephen G. Lingis, Donald L. Smith and Peter D. White*