IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN LINGIS, et al.,<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　Defendants | Case No. 03 C 5044<br>Hon. Rebecca R. Pallmeyer |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO
DEFENDANTS' BILL OF COSTS**

Plaintiffs object to Defendants' bill of costs on the grounds that costs in this case may be obtained only under ERISA § 502(g) and that under Section 502(g), costs are available "only where the prevailing party shows that its opponent's litigation position was not 'substantially justified.'" Pl. Obj. at 3. Plaintiffs further argue that their position was supported by substantial evidence. Pl. Obj. at 3. Defendants disagree on both counts.

**I.　SECTION 502(g) IS NOT AN EXCEPTION TO RULE 54(d).**

As Plaintiffs note, when the Court last considered this issue, Rule 54(d)(1) provided:

> *Except when express provision therefor is made either in a statute of the United States or in these rules*, costs other than attorneys' fees shall be allowed as of course to the prevailing party.

*See* docket no. 203 at 1 (quoting Rule 54(d)(1) (emphasis in opinion)). This Court interpreted ERISA's provision regarding fees and costs (29 U.S.C. § 1132(g)) to be an "express provision" which barred an award of costs in an ERISA action from Rule 54(d)(1)'s proviso that costs "should be allowed as of course to the prevailing party." *See id.* at 5.

Since then, however, Rule 54 has been amended for clarification, and now provides:

> *Unless a federal statute, these rules, or a court order provides otherwise*, costs — other than attorney's fees — should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1) (emphasis added). Section 502(g) of ERISA still states:

> (1) In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). It does not provide "otherwise," *i.e.*, that costs should *not* be awarded to the prevailing party. Accordingly, pursuant to Rule 54(d)(1), costs "should be allowed" to Defendants.

Moreover, as noted, in a case that is for present purposes very similar to this one, *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009), the Seventh Circuit recently affirmed a $219,211.00 costs award. *See also Land v. Bartlow Bros., Inc.*, No. 06-3278, 2008 WL 2078045, at *2 (C.D. Ill. May 15, 2008) (awarding the defendants costs pursuant to Rule 54(d) after they obtained summary judgment on all of the plaintiff's ERISA claims).

Plaintiffs speculate that the Seventh Circuit's *Hecker* opinion is inapplicable because it does not reference Rule 54(d)(1) or ERISA Section 502(g) but, "more importantly," because the *Hecker* plaintiffs' claims were dismissed under Rule 12(b)(6). Therefore, Plaintiffs say, it is "possible" that the district court had found that the *Hecker* plaintiffs had acted in bad faith. Pl. Obj. at 4-5.

Plaintiffs' speculation is only that. The *Hecker* district court awarded costs "pursuant to 28 U.S.C. § 1920," *i.e.*, pursuant to Rule 54(d), *see Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998) ("The Supreme Court has determined that 28 U.S.C. § 1920 defines the term 'costs' as it is used in Rule 54(d) of the Federal Rules of Civil Procedure."). Moreover, the district court made no "bad faith" finding. *See Hecker v. Deere & Co.*, Cost Award, docket no. 132 (W.D. Wis. Dec. 31, 2007) (attached hereto as Exhibit A); *see also Hecker v. Deere & Co.*, No. 07-3605, docket no. 45 at p. 41 (7th Cir. May 9, 2008) (noting that the district court had taxing authority pursuant to 28 U.S.C. § 1920 and Rule 54(d)). The only conclusion to be drawn is that the Seventh Circuit affirmed the taxation of costs pursuant to Rule 54(d) in an ERISA case, just as the costs should be taxed here.

## II. PLAINTIFFS DID NOT HAVE A "SOLID BASIS" FOR THEIR CLAIMS

Even if Section 502(g) of ERISA did preempt Rule 54(d)(1), the Court should award Defendants their costs under that statute, as Plaintiffs' position did not have a "solid basis"; to the contrary, it did not even survive summary judgment. *See Nichol v. Pullman*

3

*Standard, Inc.*, 889 F.2d 115, 121 (7th Cir. 1989) (affirming denial of fees and costs under Section 502(g) where the district court determined that plaintiff's position complaint had a "solid basis," observing that the position "was sufficient to withstand [the defendant's] motion for summary judgment").

Plaintiff's purported "substantial evidence" demonstrates that Plaintiffs' claims were never on "solid" ground. For example, Plaintiffs point to memoranda prepared by the law firm of Arnold & Porter after the class period and regarding the wisdom of the Telsim transactions – *not* whether an ERISA breach of fiduciary duty had occurred. Arnold & Porter reached no conclusions about the prudence of Motorola stock as an investment option under the Plan or about the Plan fiduciaries' discharge of their fiduciary duties to participants and beneficiaries. In addition, Arnold & Porter was not even retained until after the end of the class period, so nothing about the Arnold & Porter investigation could have artificially inflated Motorola's stock price or put the responsible fiduciaries on notice of any alleged imprudence of Motorola stock as an investment during the class period. In short, the Arnold & Porter memoranda were nothing more than a post-hoc analysis of Defendants' business decisions and do not support Plaintiffs' assertion that they had substantial evidence to support their claims. *Cf. Ames v. American Nat. Can Co.*, 170 F.3d 751, 757 (7th Cir. 1999) ("This is a design decision, not a decision implicating an individual's rights to specific benefits, and as such, [the defendant] was free to make it for business reasons."); *Lindemann v. Mobil Oil*

4

*Corp.*, 141 F.3d 290, 300 (7th Cir. 1998) ("This Court does "not sit as a superpersonnel department that reexamines an entity's business decisions.") (citation omitted).

Finally, perhaps nothing highlights the lack of "solid basis" for Plaintiffs' claims more than their own testimony. Each of the class representatives testified at his deposition that he did not believe Motorola stock was ever an imprudent investment or that the Motorola Stock Fund should have been closed to participant investments:

> Q. Well, is there any point in time where you believe the Motorola stock fund should have been removed from the menu of options for investments in the 401(k) plan?
>
> A. I would say no.
>
> Q. So you would not agree with the contentions in Claim I of this complaint?
>
> A. One, contention that the defendants breach fiduciary duties. Well, it says by permitting the plan to invest. I disagree with Claim I on a technical ground.

(White Dep. 131-32.)

> Q. Do you ever feel as if – Did you ever feel as if Motorola should not have allowed you to invest in the Motorola stock in the 401(k) plan?
>
> A No.
>
> Q Do you feel today Motorola should not have allowed you to invest in the Motorola stock fund 401(k) plan?
>
> A Not at all.

(Lingis Dep. 74-75.)

> Q Did you ever feel that Motorola's stock was an inappropriate investment?
>
> A No, because I went on their past performance and it was a very respected company.

5

> Q    Did you ever feel that Motorola stock was something that you should not have been allowed to invest in through the 401(k) plan?
>
> MR. MILLS: I'm going to object to the form, lack of a time frame. You may answer, Mr. Smith.
>
> A    No.
>
> BY MR. MORRISON:
>
> Q    And that would be true for the entire period from 1994 through 2006 when you were employed at Motorola, correct?
>
> A    Yes.

(Smith Dep. 67-68.) In fact, Smith even declared that he "liked the Motorola Stock Fund the best" of all the investment options he was ever provided. (Smith Dep. 125.) Plaintiffs' claims thus were not supported by "substantial evidence" and Defendants are entitled to their costs.

## III.    DEFENDANTS ARE ENTITLED TO ALL OF THE COSTS SOUGHT.

Plaintiffs are wrong to assert that "the vast majority of costs which Defendants seek were simply not 'necessarily obtained' for use in *this* case." Pl. Obj. at 5-6 (emphasis in original).

First, the deposition transcripts were obtained for use in this case. Plaintiffs' statement of facts in support of their motion for summary judgment (not to mention their response to Defendants' statement of facts or any other filings) cites nearly all of the deposition transcripts for which Defendants now seek costs, and then some. *See* Pls. Statement of Facts, docket no. 331, citing depositions of David Devonshire (*see, e.g.*, ¶¶

154, 238, 308), Rick Dorazil (*see, e.g.,* ¶¶ 135-36, 403-10), Stephen Earhart (*see, e.g.,* ¶¶ 66-69, 137), Christine Eddy (*see, e.g.,* ¶¶ 296), James Foote (*see, e.g.,* ¶¶ 100, 104, 106-09, 174-82), Christopher Galvin (*see, e.g.,* ¶¶ 268, 295, 335-44, 391, 429-32), Merle Gilmore (*see, e.g.,* ¶ 240), Robert Growney (*see, e.g.,* ¶¶ 85-99), Bruce Howell (*see, e.g.,* ¶¶ 3-6), Ed Hughes (*see, e.g.,* ¶ 267), Anne Jones (*see, e.g.,* ¶¶ 311), Anthony Knapp (*see, e.g.,* ¶¶ 269), Walter Keating (*see, e.g.,* ¶¶ 243, 252, 290, 345), Carl Koenemann (*see, e.g.,* ¶¶ 70, 72-80), Judy Lewent (*see, e.g.,* ¶¶ 422-23), Stephen Lingis (*see, e.g.,* ¶¶ 7-14, 386, 390, 393), Walter Massey (*see, e.g.,* ¶¶ 424-25), Ron Miller (*see, e.g.,* ¶¶ 101, 105-225-33), Garth Milne (*see, e.g.,* ¶¶ 86, 102, 135, 235-37, 306), Nicholas Negroponte (*see, e.g.,* ¶¶ 411-21), John Pepper (*see, e.g.,* ¶¶ 427-28), Donald Smith (*see, e.g.,* ¶¶ 15-22), Gary Tooker (*see, e.g.,* ¶¶ 34, 35, 115-116, 426), George Vander Vennet (*see, e.g.,* ¶¶ 56), and Peter White (*see, e.g.,* ¶¶ 23-27).

Moreover, Plaintiffs' statement of additional facts, docket no. 373, refers to matters concerning witnesses Perry Rowicki (*see, e.g.,* ¶ 249), Mark Atkins (*see, e.g.,* ¶¶ 243, 244, 285, 286, 324), Murat Ongor (*see, e.g.,* ¶ 298), Plaintiffs' Expert R. Alan Miller (*see, e.g.,* ¶¶ 397, 435-38), and Randy Boldt (*see, e.g.,* ¶ 232). Plaintiffs' Expert Myers also reviewed documents and deposition transcripts and exhibits relating to Perry Rowicki, among many other witnesses.

In addition to these witnesses, Defendants cited in their statement of facts in support of their motion for summary judgment, docket no. 332, the deposition transcripts of

7

Defendants' Expert William Beaver (*see, e.g.*, ¶¶ 216, 221), Defendants' Expert Larry R. Johnson (*see, e.g.*, ¶ 180), Plaintiffs' Expert Thomas Myers (*see, e.g.*, ¶¶ 178, 179, 180), Defendant's Expert John Peavy (*see, e.g.*, ¶¶ 38, 185, 194-96), Plaintiffs' Expert George Vander Vennet (*see, e.g.*, ¶¶ 181-83) and Richard Severns (*see, e.g.*, ¶ 76). Additionally, Defendants cited the deposition of Defendants' Expert David Ross in opposition to Plaintiff's statement of facts, *see* docket no. 390 at ¶¶ 435-38.

Confirming that the parties viewed the depositions as important to the ERISA case, representatives of the ERISA Plaintiffs and ERISA Defendants attended each of the depositions already mentioned as well as of the depositions of Mark Atkins, Murat Ongor , R. Alan Miller, Randy Boldt and William Boni. In addition, lead Plaintiffs' Counsel Edwin Mills attended in person the deposition of Murat Ongor, whose travel costs are included in the bill of costs, and Defendants' Counsel Ada Dolph attended by telephone.

As for the data conversion, Plaintiffs relied upon hundreds of pages of documents produced in connection with the securities case in order to make their ERISA case. *See, e.g.*, Pls. Statement of Facts ¶¶ 80, 240, 245, 247-50, 252, 255, 257, 258, 265, 270-75, 286, 295, 298, 299, 304, 305, 307, 391 (all citing documents produced and bates labeled beginning KPMG, MCC, or MOT/TEL, and not including the hundreds of MOT-ERISA bates labeled documents relied upon by Plaintiffs).

Lastly, Defendants seek to be reimbursed only for pleadings which were filed with this Court in this case, not in the securities case, and they should be awarded those costs as they were clearly incurred only in connection with this case.

The case upon which Plaintiffs rely, *Efron v. P.R. Highway & Transp. Auth.*, No. NO. 04-1686, 2009 U.S. Dist. LEXIS 59497 (D.P.R. June 30, 2009), does not support their position that the costs should be denied. *Efron* involved the award of costs in federal court while there was a parallel state court case ongoing and arising out of the same facts. *Id.* at *11. The *Efron* federal court recognized that costs should be awarded to the extent they could be shown to have been incurred in connection with the federal portion of the litigation. *Id.* And, to the extent the two proceedings were inextricably linked, the court held that the burden would be on the *plaintiff* – not the defendants – to show which portion of the costs should not be awarded. *Id.* at *12.

Here, Defendants have shown that although discovery was coordinated with the securities case, the documents and depositions obtained through that coordination were relied upon and used by Plaintiffs to prove, and Defendants to defend, the ERISA case. Therefore, these costs were "necessarily obtained" for use in this case and should be awarded to Defendants in their entirety.

## CONCLUSION

Defendants respectfully request that the Court award them **$84,214.02** in costs.

Respectfully submitted,

SEYFARTH SHAW LLP

By:     s/Ada W. Dolph
J. Stephen Poor
Ian H. Morrison
Brian M. Stolzenbach
Ada W. Dolph
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
(312) 460-5000

John T. Murray
SEYFARTH SHAW LLP
1545 Peachtree Street, Suite 700
Atlanta, GA 30309-2401
(404) 885-1500

**Dated: August 19, 2009**

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing **Defendants' Response to Plaintiffs' Objection to Defendants' Bill of Costs** to be served via the Court's electronic noticing system upon the following individuals on this 19th day of August, 2009:

Edwin J. Mills
Stull, Stull & Brody
Six East 45th Street
New York, New York 10017

Robert D. Allison
Robert D. Allison & Associates
122 S. Michigan Ave., Ste. 1850
Chicago, Illinois 60603

s/Ada W. Dolph