**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPHEN G. LINGIS, DONALD L. SMITH, and PETER D. WHITE, on Behalf of Themselves and a Class of Persons Similarly Situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MOTOROLA, INC., THE PROFIT SHARING COMMITTEE of MOTOROLA, INC., RICK DORAZIL, CHRISTOPHER B. GALVIN, ROBERT L. GROWNEY, H. LAURANCE FULLER, ANNE P. JONES, JUDY C. LEWENT, WALTER E. MASSEY, NICHOLAS NEGROPONTE, JOHN E. PEPPER, JR., SAMUEL C. SCOTT III, GARY L. TOOKER, JOHN A. WHITE, and CARL F. KOENEMANN, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No. 03 C 5044

Hon. Rebecca R. Pallmeyer

**MEMORANDUM OPINION AND ORDER**

This case is again before the court for resolution of a lingering dispute concerning allocation of costs incurred in an unsuccessful ERISA class action brought against the Motorola Profit Sharing Plan. The action arose from a drop in the value of Motorola's shares that Plaintiffs attribute to the disclosure of material information concerning approximately $2 billion in high-risk loans Motorola made to Telsim Mobil Telekomunikasyon Hizmetleri A.S. ("Telsim"), a Turkish telecommunications company. Telsim ultimately defaulted on the loans, which were secured only by a pledge of Telsim stock. At the same time, Telsim tripled the number of its outstanding shares, thus substantially diluting Motorola's collateral. This debacle spawned a series of lawsuits, including an action by Motorola against the family that controlled Telsim, *Motorola Credit Corp. v. Uzan*, 274 F. Supp. 2d 481 (S.D.N.Y. 2003), *aff'd in part, vacated in part*, 388 F.3d 39 (2d Cir. 2009); a securities class action brought by shareholders against Motorola in this court, *In re Motorola Sec. Litig.*, 505 F.

Supp. 2d 501 (N.D. Ill. 2007); and this ERISA "stock drop" case. In this action, Motorola employees who held Motorola stock in their individual retirement accounts brought suit against the Motorola 401(k) Plan, alleging that Defendants (Plan fiduciaries and Motorola officials), breached their fiduciary duty to Plan participants by continuing to offer Motorola stock as an investment option when they knew that problems with the Telsim deal made that option imprudent. Plaintiffs also alleged that Defendants misrepresented Motorola's financial health to Plan participants, and failed to adequately appoint, monitor, and inform Plan fiduciaries.

In it first summary judgment ruling, this court entered judgment in favor of Defendants on the ground that claims brought by the original named Plaintiff, Bruce G. Howell, were barred by a waiver and release that Howell signed at the end of his employment. *See Howell v. Motorola, Inc.*, No. 03 C 5044, 2005 WL 2420410 (N.D. Ill. Sept. 30, 2005), *aff'd*, 633 F.3d 552 (7th Cir. 2011); *cert. denied sub nom. Lingis v. Dorazil*, 132 S. Ct. 96 (2011). Plaintiffs Stephen Lingis, Donald Smith, and Peter White ("Plaintiffs") were then substituted for Howell, and the court certified the case for class treatment on September 28, 2007. (Order [256].) On motions for summary judgment, the court again granted judgment in favor of Defendants, ruling that they had not breached a duty imposed by ERISA and that they could rely on the "safe harbor" established by section 404(c) of the Act, 29 U.S.C. § 1104(c). *See Lingis v. Motorola, Inc.*, 649 F. Supp. 2d 861 (N.D. Ill. 2009), *aff'd sub nom. Howell v. Motorola, Inc.*, 633 F.3d 552; *cert. denied sub nom. Lingis v. Dorazil*, 132 S. Ct. 96.

While Howell's appeal was pending before the Seventh Circuit and Plaintiffs' class claim was pending before this court, Defendants filed a timely bill of costs for $4,694.70 related to Howell's action, pursuant to Federal Rule of Civil Procedure 54(d). At the time the court decided that motion, Rule 54(d) provided, "*Except when express provision therefor* is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." FED. R. CIV. P. 54(d)(1)

(2006) (emphasis added). The court concluded that section 502 of ERISA—pursuant to which "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party," 29 U.S.C. § 1132(g)(1)—constituted an express exception to the application of Rule 54(d). (Order [203], at 5-6.) Applying § 1132(g)(1), the court denied Defendants' petition for costs on March 12, 2007, on the grounds that Defendants did not challenge Plaintiff Howell's good faith or argue that his position was not substantially justified. (*Id.* at 6.) The court further observed that Plaintiff Howell had survived a "hard-fought motion to dismiss and, although the court concluded Howell himself lack[ed] standing, his arguments to the contrary were not insubstantial." (*Id.*)

Defendants now bring a timely bill of costs in connection with the court's second summary judgment order, the one dismissing the class action brought by Plaintiffs Lingis, Smith, and White on its merits. Defendants seek recovery of $84,214.02 in costs pursuant to Rule 54(d). Plaintiffs filed an objection for reasons mirroring this court's 2007 ruling declining to tax costs against Howell. More recently, Defendants filed Notice of Supplemental Authority in support of their bill of costs. Defendants claim this authority, *Loomis v. Exelon Corp.*, 658 F.3d 667 (7th Cir. 2011), undermines the reasoning in this court's previous order. For the reasons explained below, the court sustains Plaintiffs' objection to an award of costs.

## **DISCUSSION**

### I. **Applicable Cost Provision**

Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party—unless another statute creates an exception. In support of their argument that § 1132(g)(1) is not a statutory exception within the meaning of Rule 54(d), Defendants note that Rule 54(d) was amended in 2007. That rule now provides, in relevant part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Defendants see a change in this amendment; they argue that because § 1132(g)(1) does not prohibit the award of costs, it does not "provide otherwise."

3

Defendants' attempt to leverage the amended language is misplaced. As the Advisory Committee's note makes plain, the changes were part of a "general restyling of the Civil Rules" and "are intended to be stylistic only." FED. R. CIV. P. 54(d) advisory committee's note to 2007 Amendments. Courts within this district have rejected similar arguments predicated on the stylistic changes. *See George v. Kraft Foods Global, Inc.*, No. 07-1713, 2010 WL 1976826, at *2 (N.D. Ill. May 14, 2010) (Schenkier, Mag. J.) (rejecting the argument that Seventh Circuit precedent recognizing § 1132(g)(1) as an express exception under Rule 54(d)(1) is no longer applicable after that rule's amendment); *Brieger v. Tellabs, Inc.*, 652 F. Supp. 2d 925, 927 (N.D. Ill. 2009) (Kennelly, J.) (same). To the extent that the amended language might support legal arguments that diverge from the pre-amendment Rule 54(d) jurisprudence, the court remains bound by precedent.

As this court noted in its 2007 Order denying costs, the Seventh Circuit decision that most directly addresses the issue is *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115 (7th Cir. 1989). In *Nichol*, the district court had dismissed the plaintiff's ERISA claim because he had signed a severance agreement relinquishing his rights to long-term disability benefits, but the court denied the defendant's petition for costs and attorneys' fees. *Id.* at 116. The Seventh Circuit affirmed. *Id.* at 122. Quoting the exception in Rule 54(d) for cases where a "express provision" is made by federal statute, the Seventh Circuit observed that § 1132(g)(1) was "such an express provision." *Id.* at 121.

The Seventh Circuit has not applied the *Nichol* precedent consistently, however. In several cases, the court has applied Rule 54(d) to ERISA actions without discussing whether § 1132(g)(1) displaces Rule 54(d). *See, e.g.*, *White v. Sundstrand Corp.*, 256 F.3d 580, 585-86 (7th Cir. 2001); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). In other cases, the Seventh Circuit has applied § 1132(g)(1) without commenting on that provision's relationship to Rule 54(d). *See, e.g.*, *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592-93 (7th Cir. 2000); *Little v. Cox's Supermarkets*, 71 F.3d 638, 644 (7th Cir. 1995); *Anderson v. Flexel, Inc.*, 47 F.3d

4

243, 250-51 (7th Cir. 1995). In yet another case, the court appeared to apply § 1132(g)(1) in affirming a district court's denial of an attorneys' fee petition, but affirmed the district court's grant of costs under Rule 54(d). *See Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478-79 (7th Cir. 1998). In a more recent case, the court affirmed an award of costs without referencing Rule 54(d) or § 1132(g)(1). *See Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (*Hecker I*), *reh'g denied*, 569 F.3d 708 (7th Cir. 2009) (*Hecker II*). Defendants' brief relies heavily on *Hecker*, but that case is not particularly helpful because the parties appeared to dispute what types of costs should be allowed, not whether an award of costs was appropriate in the first place.

In *Loomis v. Exelon Corp.*, the supplemental authority Defendants brought to the court's attention, the Seventh Circuit declined to resolve these inconsistencies, but included *dicta* strongly indicating that § 1132(g)(1) does supplant Rule 54(d) in ERISA cases. The court noted that only one Court of Appeals has accepted the argument that "§ 1132(g)(1) does not 'provide otherwise' than Rule 54(d) because [§ 1132(g)(1)] never forbids an award of costs"—the exact argument Defendants make in this case. *Loomis*, 658 F.3d at 674 (citing *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010)). The court was skeptical of the Ninth Circuit's conclusion, observing that even if a statute did not forbid an award to the prevailing party, the statute would "be otherwise" if it "established a presumption against an award of costs," in contrast to Rule 54(d)'s presumption in favor of such an award, or if the statute established the opposite presumption, in favor of the winner paying the loser's costs. *Id.*

As the Seventh Circuit suggested, Rule 54(d) and § 1132(g) differ on the degree to which an award of costs is presumptive. A court's discretion to deny costs under Rule 54(d) is subject to a "*strong* presumption that the prevailing party will recover costs." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (emphasis added). The Seventh Circuit has recognized only two narrow exceptions, involving the misconduct of the prevailing party or the indigence of the losing party. *See id.*; *see also Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006) (describing

the indigence exception as "a narrow one" and noting that the losing party still bears the burden of overcoming the presumption). Prior to the 2007 amendments, the court identified the textual support for this presumption in Rule 54(d)(1)'s direction that courts award costs "as of course." *Cassidy*, 338 F.3d at 708. Although that language is absent in the amended version, the use of the normative phrase "should be allowed" can be read to give rise to the same presumption, even if it is less exhortative than the phrase "shall be allowed" in the prior version. In any event, as mentioned above, the 2007 amendments are intended to generate no substantive change.

Section 1132(g)(1), which provides for an award of costs *and* fees, is less firm. Instead, under that statute, a court "may allow a reasonable attorney's fee and costs of action to either party," suggesting that courts have greater discretion to award or deny costs. Though an award of costs is therefore not mandatory under § 1132(g)(1), such an award is more broadly available under that section: The Supreme Court has interpreted § 1132(g)(1) as allowing award of fees and costs to "*partially prevailing* parties"—parties that have achieved some degree of success on the merits—a more generous standard than Rule 54(d). *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2157 (2010) (quoting *Ruckelshaus v. Sierra Club*, 436 U.S. 680, 688 (1983)); *cf. Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009) ("A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief."). While the Seventh Circuit has recognized that § 1132(g)(1) creates a presumption in favor of awarding costs and fees to the prevailing party, the court has characterized that presumption as "modest" and "rebuttable." *Hess v. Reg-Ellen Mach. Tool Corp.*, 367 F. App'x 687, 690 (7th Cir. 2010); *see also Jackman Fin. Corp. v. Humana Ins. Co.*, 641 F.3d 860, 866 (7th Cir. 2011); *Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 615 (7th Cir. 2009); *Herman v. Cent. States, Se. & Sw. Areas Pension Fund*, 423 F.3d 684, 695-96 (7th Cir. 2005). As discussed more fully below, the Seventh Circuit has affirmed the denial of costs under § 1132(g)(1) where the losing party's positions, while

unsuccessful, were made in good faith and were "substantially justified." *See, e.g.*, *Jackman Fin. Corp.*, 641 F.3d at 866.

Public policy concerns also militate in favor of applying § 1132(g)(1)'s less presumptive cost-and-fee-shifting provision in cases where defendants seek costs from plaintiffs. In crafting ERISA's remedial scheme, Congress chose to provide for a private right of action, empowering plan participants and beneficiaries to act as "private attorneys general" to vindicate the Act's regulatory objectives. *See Marquardt v. N. Am. Car Corp.*, 652 F.2d 715, 720 n.6 (7th Cir. 1981). Applying Rule 54(d)'s stronger presumption in favor of awarding costs to prevailing defendants would upset the balance Congress struck between encouraging plaintiffs to bring actions that "seemed reasonable at the outset" and deterring frivolous lawsuits. *Id.*

Bound by the Seventh Circuit's holding in *Nichol* and the *dicta* in *Loomis*, the court concludes that § 1132(g)(1) "provides otherwise" than Rule 54(d). Consequently, it is § 1132(g)(1) that governs the award of costs in this case.

## II. Appropriateness of Costs Under § 1132(g)(1)

As noted, § 1132(g)(1) provides for an award of both costs and attorneys' fees. The Seventh Circuit has long recognized two tests for determining whether such an award is appropriate. Under the first test, a court considers multiple factors: "(1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy personally an award of attorney fees; (3) whether an award of attorney fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and, (5) the relative merits of the parties' positions." *Jackman Fin. Corp.*, 641 F.3d at 866. The Seventh Circuit has recognized that this test "'is oriented toward the case where the plaintiff rather than the defendant prevails and seeks an award of attorney's fees.'" *Nichol*, 889 F.2d at 121 (quoting *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 829 (7th Cir. 1984), *overruled on other grounds by*

*McCarter v. Ret. Plan for Dist. Managers of Am. Family Ins. Grp.*, 540 F.3d 649, 654 (7th Cir. 2008)).

Given the disconnect between several of the factors and cases where prevailing defendants seek an award of fees and costs, the Seventh Circuit created a second test, derived by analogy from the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). *See Bittner*, 728 F.2d at 830 (observing that the EAJA "entitles a prevailing party in many types of suit against the government to a reasonable attorney's fee 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'"); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (holding that the EAJA's "substantially justified" test means "'justified in substance or in the main'—that is justified to a degree that could satisfy a reasonable person"). As applied in the ERISA context, "an award of fees to a successful defendant in an ERISA suit 'may be denied if the plaintiff's position was both "substantially justified"—meaning something more than non-frivolous, but something less than meritorious—and taken in good faith, or if special circumstances make an award unjust.'" *Jackman Fin. Corp.*, 641 F.3d at 866 (quoting *Herman*, 423 F.3d at 696; *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 616-17 (7th Cir. 1995)). By allowing for special circumstances, the *Bittner* test incorporates the other factors from the five-factor test, where relevant. *See Bittner*, 728 F.2d at 830 ("The exception for special circumstances that would make an award of fees unjust in a particular case imparts flexibility to the standard and continuity with the cases that use a multi-factored approach.").

The Seventh Circuit has observed that the "five-factor test is often used in conjunction with the 'substantially justified' test and largely involves the same inquiry." *Jackman Fin. Corp.*, 641 F.3d at 866; *see also Nichol*, 889 F.2d at 121 ("Cases in this Circuit subsequent to *Bittner* seem to have adopted both systems."). Courts do not err by applying one test over the other, however. "It is difficult to imagine a situation in which the application of one test rather than the other would alter [the] decision concerning the propriety of an award of costs or fees." *Nichol*, 889 F.2d at 121-22.

The bottom-line question under either approach is the same: "'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Herman*, 423 F.3d at 696 (quoting *Quinn*, 161 F.3d at 478).

Defendants argue that the Seventh Circuit's recent decision in *Loomis* casts doubt on the "substantially justified" test. In *Loomis*, the Seventh Circuit affirmed an award of costs to the defendants in a case where the district court dismissed the plaintiffs' ERISA claims. *Loomis*, 658 F.3d at 674-75. Plaintiffs challenged the award, arguing on appeal that only litigants who proceed in bad faith or to harass may be required to pay costs under § 1132(g)(1). The Seventh Circuit rejected this argument, concluding that "[l]anguage in some appellate opinions declaring 'bad faith' vital to an award under § 1132(g)(1) did not survive *Hardt*." *Id.* at 675.[1] Although *Loomis* made clear that a finding of bad faith is not required for a court to award costs, the Seventh Circuit did not explain what standards district courts should apply to guide their discretion. The court expressly noted that it was not ruling on *Bittner*'s "substantially justified" test. *Id.*

Until such time as the Seventh Circuit directly addresses the issue, this court is bound by the tests recognized in *Bittner*. In any event, the court does not see these tests as conflicting with the Seventh Circuit's holding in *Loomis*. Under *Loomis*, absence of bad faith on the part of the losing party cannot be given dispositive weight by a court when it considers whether an award of costs is appropriate. But that does not mean that a party's good faith is not relevant, either under factor (1) of the five-factor test or under the "substantially justified" test. To the contrary, the *Bittner* court recognized that "[a]lthough the plaintiff's good faith is not alone enough to prevent the court

---

[1] As discussed above, the Supreme Court interpreted § 1132(g)(1) to allow district courts, at their discretion, to award fees and costs where a party has achieved "some degree of success on the merits." *Hardt*, 130 S. Ct. at 2152. The Seventh Circuit did not specify which appellate decisions contained language to the contrary, but the court notes that several post-*Bittner* decisions identify the common question between the two tests in terms of whether "there is reason to believe that the losing party engaged in litigation merely to harass its opponents." *Nichol*, 889 F.2d at 122.

from awarding the defendant reasonable attorney's fees . . . it may in a special case be evidence of exceptional circumstances that would make the award unjust." *Bittner*, 728 F.2d at 830.

## III.     Plaintiffs' "Substantially Justified" ERISA Claims

Because Defendants seek costs from Plaintiffs in this case, the court considers Defendants' petition under the "substantially justified" test. The court notes, first, that Defendants do not allege that Plaintiffs brought this lawsuit merely to harass, and there is no evidence of bad faith on the part of Plaintiffs. Neither does this case appear to involve special circumstances that would make an award unjust, such as a plaintiff's inability to pay an award. Defendants do contest whether Plaintiffs claims were substantially justified, however.

In support of their argument that Plaintiffs' claims lacked a solid basis, Defendants cite to *Nichol*, in which the Seventh Circuit affirmed a district court's denial of costs where the plaintiff's position "was sufficient to withstand [the defendant's] motion for summary judgment." 889 F.2d at 121. Although proceeding to a trial on the merits is an indication that a plaintiff had substantial justification for bringing suit, this court does not read *Nichol* to require the conclusion that any claim that does not survive a motion for summary judgment necessarily lacks a substantial justification. The Seventh Circuit has affirmed the denial of costs or fees to defendants even in cases resolved against plaintiffs on summary judgment. *See, e.g.*, *Jackman Fin. Corp.*, 641 F.3d at 867; *Harris Trust & Sav. Bank*, 57 F.3d at 616-17; *Herman*, 423 F.3d at 696.

Defendants also cite to the depositions of the three named class representatives—in which each Plaintiff testified to his belief that Motorola should have continued to offer Motorola stocks as an investment option throughout the investment period—as evidence that Plaintiffs' imprudent fund selection claim lacked a solid basis in fact. Indeed, the court noted that troublesome testimony in the summary judgment decision, and it expressed skepticism that the case could proceed as a class action when the class representatives disagreed with the central premise of that claim. *See Lingis*, 649 F. Supp. 2d at 880 n.10. The court further noted, however, that "[w]hether an appointed

class representative can waive a cause of action on behalf of the entire class based on his own statements is a difficult question." *Id.* The court does not conclude from these statements alone that Plaintiffs' class claims lacked substantial justification when initiated.

Although it is a close question, the court concludes that Plaintiffs' ERISA action was justified to a sufficient degree to satisfy a reasonable person. As both this court and the Seventh Circuit noted, information about the major risks Motorola took in lending to Telsim, resulting in a loss of approximately $2 billion, was material and undisclosed. *See Howell*, 633 F.3d at 555, 571; *Lingis*, 649 F. Supp. 2d at 866-67. These facts were sufficient to preclude summary judgment in the parallel securities litigation class action. *Motorola Sec. Litig.*, 505 F. Supp. 2d at 561.[2] It was not unreasonable for Plaintiffs to believe that the Telsim debacle could serve as the predicate for an ERISA action, especially because Defendants, as fiduciaries of the Plan, arguably had a greater duty toward Plan participants than to investors at large.[3] The court also notes that the law governing one of Plaintiffs' principal claims (imprudent fund selection) was not settled at the time Plaintiffs filed suit, and that the appeal in this action resolved an open question in the Seventh Circuit.[4] Though the evidence in this case was not sufficient to establish Plaintiffs' claims, their

---

[2] Plan participants were excluded from that class, and therefore did not benefit from the settlement reached in that case. *See Lingis*, 649 F. Supp. 2d at 875 n.8; *see also In re Motorola Sec. Litig.*, 644 F.3d 511, 513 (7th Cir. 2011) (affirming this court's denial of the Plan's claim to a share of the Motorola settlement proceeds).

[3] Of course, any argument that plan fiduciaries should use material nonpublic information for the benefit of plan participants may run afoul of insider trading laws, though the question remains unresolved. *See Rogers v. Baxter Int'l Inc.*, 521 F.3d 702, 706 (7th Cir. 2008).

[4] As the Seventh Circuit recognized in *Loomis*, this case was part of a series of cases, litigated around the same time, that challenged the fund sponsor's selection of funds offered to plan participants. *Loomis*, 658 F.3d at 669 (citing *Hecker I*, 556 F.3d 575; *Hecker II*, 633 F.3d 552; *Howell*, 633 F.3d 552; *Spano v. The Boeing Co.*, 633 F.3d 574 (7th Cir. 2011); *George v. Kraft Foods Global, Inc.*, 641 F.3d 786 (7th Cir. 2011)). This court, relying on *Hecker I*, concluded that § 404(c) shielded Defendants from the imprudent fund selection claim. *See Lingis*, 649 F. Supp. 2d at 877-78; *see also Hecker I*, 556 F.3d at 589 ("Even if § 1104(c) does not always shield a fiduciary from an imprudent selection of funds under every circumstance that can be imagined, it does protect a fiduciary that satisfies the criteria of § 1104(c) and includes a sufficient range of

litigation position was not indefensible. The court concludes that Plaintiffs have overcome the "modest presumption" that a prevailing party in an ERISA case is entitled to reimbursement under § 1132(g)(1).

## **CONCLUSION**

For the above reasons, the court sustains Plaintiffs' objections to an award of costs to Defendants. The parties will bear their own costs.

ENTER:

Dated: June 1, 2012

_____
REBECCA R. PALLMEYER
United States District Judge

---

options . . . ."). In its decision on rehearing in *Hecker II*, decided seven days after this court granted summary judgment in *Lingis*, the Seventh Circuit clarified its position, explaining that its holding in *Hecker I* did not stand for the broad proposition that the ERISA safe harbor applies to imprudent fund selection claims. *See Hecker II*, 569 F.3d at 710-11.

In affirming this court's ruling on summary judgment, the Seventh Circuit noted that whether an imprudent fund selection claim falls within ERISA's § 404(c) safe harbor was an open question. *Howell*, 633 F.3d at 567. Advancing the law of the circuit, the Seventh Circuit agreed with Plaintiffs' position, supported by the Secretary of Labor's *amicus curiae* brief, that the safe harbor does not apply to claims arising from "the selection of plan investment options and the decision to continue offering a particular investment vehicle." *Id.* Nevertheless, the Seventh Circuit affirmed this court's dismissal of Plaintiffs' imprudence theory because the evidence did not sufficiently establish a breach of fiduciary duty. *Id.* at 568-69.